**IN RE ESTATE OF BELLE H. McDOUGALD, deceased.**

6 So. (2nd) 274                                        En Banc
February 10, 1942

Mabry, Reaves, Carlton & White, for appellant.

Paul Pinkerton, for appellee.

TERRELL, J.:

In March, 1939, Belle H. McDougald executed her last will which was probated in August, 1940, and letters testamentary were issued to Fred S. Houston, a nephew, who was designated in the will as residuary legatee and executor. Among others the will contained the following bequest:

"I give to my stepdaughter Mabel E. Chase of Tampa, Florida, 15 shares of stock in Goodall Worsted Company; also 15 shares of stock in Goodall Securities Company; and also 5 shares of Preferred Stock in Tampa Gas Company."

The sole question presented is whether the foregoing bequest is general or specific. If it is specific, it carries all dividends on the stock from the death of the testatrix. If it is general, the contrary result follows: Section 5477 (19) Compiled General Laws of 1927, Perm. Supp.

A general bequest is one not segregated or withdrawn from the estate under the terms of the will but is to be paid in money or property as the latter directs. A specific legacy is one expressly designated and withdrawn from the estate by the terms of the will. Either may be in money, lands, or intangibles.

A legacy is presumed to be general unless it clearly appears from the terms of the will as a whole that it was intended to be specific. An examination of the authorities discloses that even in close cases bequests are usually held to be general rather than specific in the absence of a clear showing on the part of the testator to the contrary. Page on Wills, Second Edition, Volume 2, Section 1229.

Applying this rule to the will under review we find nothing in its terms to indicate that the testatrix intended to segregate the bequest described from her general property for the benefit of the legatee. The inventory of her estate shows that she had other stock in all the companies mentioned in the bequest at the time of her death and the testatrix was on notice that under the law of Florida her estate must go through administration which would take approximately a year at best. The estate did go through formal administration and this suit was brought to construe the will and enforce payment of the dividends on the theory that the bequest was specific. This is the real gravamen of the case.

In a case of this kind, the burden is on the one who asserts the bequest to be specific to show conclusively that it is. There must be something in the will to show this. To hold otherwise would be to reverse the whole trend of the law on this point.

The judgment appealed from must be and is hereby reversed.

Reversed.

WHITFIELD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., and BUFORD, J., dissent.