84 So.2d 565 (1956)
Helen MESZAROS and Leo Bonifay, Appellants,
v.
J. Edwin HOLSBERRY, as Administrator of the Estate of Augusta Petry, deceased, et al., Appellees.
Supreme Court of Florida. Special Division A.
January 4, 1956.
Coe & Coe, Pensacola, for appellants.
Fisher & Hepner, Pensacola, for appellees.
*566 THORNAL, Justice.
Appellants who were plaintiffs below seek reversal of a decree of the Chancellor construing a will.
The salient provisions of the will involved are the following:
"We, Jacob J. Petry and Augusta Petry, husband and wife, of the county and state above written, being of sound and disposing mind and memory, mindful of the uncertainties of life and the certainty of death, and in anticipation of death by a common disaster, do hereby make, publish and declare this to be our mutual last will and testament, hereby revoking all wills and codicils by us and either of us heretofore at any time made.
"The undersigned, husband and wife, are cognizant of and satisfied with the provisions of the Laws of Descent and Distribution of the State of Florida and it is the intent and desire of the undersigned that this will is to be effective only upon and to cover only death of both the undersigned by a common disaster and if either of the undersigned shall survive the other for a period of more than one calendar month then the provisions of this will are to be void and of no force and effect whatsoever.
1.
"In the event death do occur to the both of us simultaneously in a common disaster or in the event one of us should not survive the other for a period of more than one calendar month, but not otherwise, we make the following legacies, devises and bequests, to-wit:" (Emphasis ours.)
(Here follow certain devises and bequests.)
Jacob J. Petry died from natural causes and sixteen days later was followed in death by his widow, Augusta Petry, also from natural causes. If the will from which we have quoted above became effective, appellant, Mrs. Meszaros, would be a substantial beneficiary and appellant, Bonifay, would be the Executor. If the will did not take effect, then both Mr. and Mrs. Petry died intestate and under the laws of descent, Mrs. Petry inherited all of his property and upon her death, all of the property descended to various relatives which do not include Mrs. Meszaros, and Mr. Bonifay would not be the personal representative.
The Chancellor construed the will as being conditional to the extent that he determined that the testators intended that the will should become effective only upon their simultaneous deaths, resulting from a common disaster, or their deaths likewise produced by a common disaster but resulting within thirty days of each other. In other words, he held that in order for this will to take effect a common disaster must have been the cause producing death of both parties. Inasmuch as the parties died from natural causes even though within thirty days of each other, the Chancellor concluded that the will did not take effect and that therefore Mrs. Meszaros is not a beneficiary of the estate and Mr. Bonifay is not the personal representative.
After a careful examination of the will, we have concluded that the Chancellor ruled correctly and must be affirmed. Admittedly, the will is in some respects unusual and possibly on a casual examination one might be led to the conclusion that the effectiveness of the will was subject to either one of two alternative conditions; that is, either death from a common disaster or death of both testators from any cause occurring within thirty days of each other. However, a more cautious scrutiny of the will seems to lead inescapably to the conclusion that the testators were providing for disposition of their estate in accordance with this will solely "in anticipation of death by a common disaster" as they themselves stipulated.
Appellant urges that the language contained in paragraph numbered "1." of the will was in the alternative rather than the conjunctive and that one of the alternative conditions has occurred with death of the wife within one calendar month of the husband. *567 They then contend that this is the last provision of the will indicating the testamentary intent and that under recognized rules of construction, it should control prior provisions inconsistent therewith. While the rule contended for by the appellants has its application in its proper place, we cannot agree that it is applicable to the matter before us.
Admittedly, in construing a will, the guiding light is the intent of the testator. Furthermore, it is equally well settled that the intent of the testator should be ascertained by a consideration of the entire instrument and not some isolated segment of the document. Lowrimore v. First Savings & Trust Co. of Tampa, 102 Fla. 740, 140 So. 887, 891; In re Williams' Estate, Fla. 1952, 59 So.2d 13.
While the rule contended for by the appellants might be applicable where two provisions of a will are completely and hopelessly irreconcilable, it has no place in the construction of a will if it is at all possible to reconcile and harmonize apparently conflicting clauses. When faced with provisions of a will seemingly in conflict, it is the responsibility of the court to harmonize the conflicts in order to give full measure to the testamentary intent if harmony is possible and within the bounds of reason. In re McMillan's Estate, 158 Fla. 898, 30 So.2d 534.
Applying these rules to the will before us it is perfectly clear from the introductory paragraph that the will was executed "in anticipation of death by a common disaster". By the second unnumbered paragraph the joint testators expressed their satisfaction with the laws of descent and again stated that it was their intent and desire that the will be effective "only upon and to cover only death of both the undersigned by a common disaster and if either of the undersigned shall survive the other for a period of more than one calendar month * * *" the will should not take effect. Up to this point the will is clear and unequivocal. Like the Chancellor, we are of the view that this unequivocal introductory expression of the intent permeates the remainder of the will. The language of paragraph numbered "1." does not in any way militate against this view. Bearing in mind the intent expressed in the introductory paragraph, it then becomes apparent that the use of the alternative "or" in paragraph numbered "1." does not detract from the conjunctive requirements of the remainder of the will.
By paragraph "1." it was clearly intended that the disposition that followed was to be made only upon the event of the deaths of the testators in a common disaster either simultaneously or within one calendar month of each other both as a result of a common disaster. Necessity for a common disaster, however, controls both alternatives and without death resulting from a common disaster, either simultaneously or within a calendar month, the testamentary disposition of the estate could not come into being.
Finding that the Chancellor ruled correctly, his decree is therefore affirmed.
DREW, C.J., TERRELL, J., and DICKINSON, Associate Justice, concur.