## In re NEUMANN'S WILL.

County Judge's Court, Palm Beach County.

July 19, 1956.

C. D. Blackwell, West Palm Beach, for the executor.

Will A. Nason and Coleman & Cook, all of West Palm Beach, for Animal Rescue League of the Palm Beaches, Inc.

E. C. Kavanaugh, Jr., Bradenton, for Long Island Humane and Dog Protective Association.

RICHARD P. ROBBINS, County Judge.

This cause came on before me upon the petition of the executor named in the last will and testament of the decedent for a construction of certain bequests made in said will and upon answers filed to said petition by two of the legatees, the Long Island Humane and Dog Protective Association of Freeport, New York, and the Animal Rescue League of the Palm Beaches, Inc. Due notice was given to all the legatees named in the will and the issues to be resolved as presented by the pleadings aforesaid were duly argued by counsel for the respective parties.

In paragraph numbered two of her will the decedent provided, among other things, as follows—"I give and bequeath to Miss Louise Jenkins, whose address is 51 West Orchard Street, Somerville, New Jersey, my pearl necklace, pearl earrings, pearl brooch, portable radio, Ford automobile, alligator bag and all table linens."

At the time of her death decedent did not own a Ford automobile nor has it been established that she ever had one although she owned a Studebaker automobile which came into the executor's possession as a part of the estate. The executor is of the opinion that the bequest of the Ford automobile has lapsed because of the fact that the decedent owned no Ford automobile at the time of her death. In this opinion the court agrees. An automobile is a specific chattel and a gift of it is adeemed by extinguishment or substitution. See Welch v. Welch (Miss.), 113 So. 197 (3, 4) p. 199.

In paragraph IV of her will decedent bequeathed to one Mrs. I. Wildred Hart, of 3721 South Carlyle Street, Philadelphia, Pennsylvania, 400 shares of Southern Pacific Railroad Co. stock. It appears from the pleadings and is not denied, that the legatee aforesaid whose correct name was Flora M. Hart, widow of I. Wilfred Hart, died May 22, 1953 prior to the death of the testatrix and that she was a widow and childless. There seems to be no question but that the reference to Mrs. I. Wildred Hart was intended by the decedent to refer to Mrs. I. Wilfred Hart whose correct name is Flora M. Hart, and the court so holds. It is the opinion of the executor that

the 400 shares of Southern Pacific Railroad Co. stock passes to the residuary estate of decedent since the legatee died before the testatrix. In this opinion the court agrees since there is not found in the will an intention on the part of the testatrix to substitute another in place of the legatee named therein, and the court so directs. See section 731.20, Florida Statutes 1953.

The court takes the view that the bequest of 200 shares of Texas Land & Trust Company stock to Miss Katherine Sutton, as provided in paragraph VII of the will, was intended to be the 200 shares of stock owned by decedent in the Texas Pacific Land Trust due to the similarity in the names of said companies and because she owned no stock in such other company, if in fact, one exists.

In paragraph X of decedent's will she provides as follows—"I give and bequeath to Mrs. Addie Short, whose address is 2 Rockville Center Parkway, Oceanside, Long Island, New York, my blue enamel watch and chain, my tea set and tray, 110 shares of Eastman Kodak stock and all of my flat sterling silverware, to be hers absolutely."

The decedent, at the time of her death, did not own Eastman Kodak stock and the question here is whether or not the legacy has adeemed by extinguishment.

Ademption, under such circumstances, takes place if the legacy is a specific one but, in the absence of a clear intention expressed in the will a general legacy does not so adeem.

In determining whether a legacy is specific or general the use or absence of the possessive pronoun is an important factor. It will be noted that testatrix described all of the other gifts contained in the bequest as "my tea set and tray," "all of my flat sterling silverware," but the stock is referred to only as "110 shares of Eastman Kodak stock."

In re McDougald's Estate, 6 So. 2d 274, our Supreme Court said —"A legacy is presumed to be general unless it clearly appears from the terms of the will as a whole that it was intended to be specific. An examination of the authorities discloses that even in close cases bequests are usually held to be general rather than specific in the absence of a clear showing on the part of the testator to the contrary."

On account of the liability of extinguishment, contrary to the testator's intention, of a legacy payable in specie, the tendency of courts seems to lean towards such a construction of the will as will

make the bequest general rather than specific. See Johnson v. Conover, 54 N.J. Eq. 333, 35 Atl. 291, and many other cases cited in the subject note for Re Estate of Ann Eliza Snyder (Pa.), 66 Atl. 157, reported in 11 L.R.A. (N.S.) 49.

We are confronted with this same question in considering paragraph XIX of decedent's will which follows—"I give and bequeath to Long Island Humane Society, in care of Mr. James H. Cruikshank, Freeport, Long Island, New York, one share of Erie Railroad Company stock and 300 shares of Armco Steel Company stock."

At the time of her death decedent did not own Armco Steel Company stock, neither did she own a share of stock in the Erie Railroad Company. She did own, however, 22 shares of preferred stock of said railroad company which she bequeathed to James and Irene Muchmore by paragraph XII of her will, and she owned one $4\frac{1}{2}\%$ bond of said railroad of the denomination of $1,000. It seems clear that she had reference to this bond which she described as one share of stock and the court so holds.

The answer of Long Island Humane Society alleges that at the time of the execution of her will the decedent owned 300 shares of Armco Steel Company stock, that before, at, and after the execution of her will her stock brokers had full and complete discretion over her securities account, buying and selling corporate stocks and bonds at will and as they deemed best for her financial interests, with no order to sell or purchase same from the decedent.

The residuary legatee suggests that this fact, i.e., the ownership of the exact number of shares of stock bequeathed at the time of the execution of the will, makes the legacy specific.

In the Snyder case cited above the Pennsylvania Supreme Court refers to Robinson v. Addison, 2 Beav. 515, as follows—"A testator owning $15\frac{1}{2}$ shares of stock in the Leeds & Liverpool Canal Company, bequeathed $5\frac{1}{2}$ shares of stock in that company to A, 5 shares to B, and 5 shares to C. There was no description or reference in the will to show that he intended to give the particular shares which he held at the date of his will. At his death he possessed no shares in the said Canal Company, and it was held that the legacies were general, and not specific." The Pennsylvania court continues, quoting from Robinson v. Addison—"It is, however, clear that the testator, if he meant to give only the shares which he had, might have designated them as 'his', that the mere circumstance of the testator having at the date of his will, a particular property, of equal amount to the bequests of the like property which he has

given without designating it as the same, is not a ground upon which the court can conclude that the legacies are specific . . . "

From the many cases cited by the author of the note for the Snyder case, 11 L.R.A. (N.S.) 75, it seems that a bequest of stock without particularly referring to the corpus of the identical stock is not sufficient to justify a court in declaring the legacy to be specific, even though the testator owned the exact number of shares bequeathed at the time of making his will.

The court's attention has been directed to In re Vail's Estate, 67 So. 2d 665, where our Supreme Court held a bequest of stock to be specific. In that case, however, the court emphasized testator's use of the possessive pronoun by supplying italics for the words "my five hundred shares," indicating that this description of the stock had been considered in determining the legacy to be specific.

The court holds that the legacies of 110 shares of Eastman Kodak stock to Mrs. Addie Short and of 300 shares of Armco Steel Company stock to Long Island Humane Society are general rather than specific and have not adeemed because of the fact that testatrix had no such stock at the time of her death and that the legatees are entitled to receive the market value of such stock, at the time of the death of the testatrix.

The executor has collected dividends on 22 shares of Erie preferred stock bequeathed to James and Irene Muchmore in paragraph XII of the will and on 100 shares of General Motors stock, bequeathed to Mrs. Lillian Kleine in paragraph III of the will, and he has also collected one coupon of the Erie Railroad Company bond bequeathed to Long Island Humane Society by paragraph XIX of the will. It is the opinion of the executor that these dividends and the interest aforesaid should go to the persons to whom the stocks and bond are distributed, but in this the court cannot agree. It is the ruling of the court that all of these bequests are general and that the income, interest or increase arising from them will not accrue to the benefit of the distributees until an order of distribution has been made. See section 731.22, Florida Statutes 1953. The dividends and interest heretofore collected become a part of the residuary estate.

The executor of the estate is directed to make distribution of the assets of the estate in accordance with the rulings of the court contained herein.