TAYLOR, Associate Judge.
Frances A. Garrison in her last will and testament made five bequests with respect to which there is a difference of opinion as to whether they are specific bequests giving the legatee the right to income during administration, or whether they are general bequests resulting in the residuary legatee receiving the income during administration.
The first three of these .bequests are in the following form:
“I give and bequeath to-of-shares of my Swift and Company stock.”
The other two bequests in controversy are in the following form:
“FOURTH: I give and bequeath to Helen Mix, of 4914 No. Wolcott Avenue, Chicago 40, Illinois, the sum of Twenty Thousand Dollars ($20,000.00), and I likewise give and bequeath unto the said Helen Mix five (5) Armour and Company 5% Cumulative Income Subordinated Debentures due November 1, 1984, each in the sum of One Thousand Dollars ($1,000.00).
“FIFTH: I give and bequeath to Lee Garrison Swick, of 105 No. Bothwell Street, Palatine, Cook Co., Illinois, thirty (30) Armour and Company 5% Cumulative Income Subordinated Debentures due November 1, 1984, each in the sum of One Thousand Dollars ($1,-000.00).”
The County Judge’s Court of Volusia County held that all these were specific bequests[1] and that the income during administration accrued to the respective legatees named in the bequests. The residuary legatee has appealed.
*20 In determining whether a particular bequest is general or specific it is necessary for the Court to keep constantly before it the principle that the intent of the testator must be given effect and that if a bequest is found to be specific it will be tantamount to a determination that the testator intended that:
1. Income during administration belongs to the legatee.
2. In case the estate is unable to pay all obligations general bequests will be adeemed before the specific bequests, and
3. If the particular property described is not owned by the testator at the time of death the specific bequest will fail or adeem. The court must also bear in mind that the same rules governing the determination of whether a particular bequest is general or specific must be applied in all cases, and that the precedent established in this decision when only the income of the bequest during administration is involved must be applied in a similar will when the result may be to disinherit one closely akin to the testator should a bequest be held to be specific, and the subject of the bequest was sold by the testator before his death.
This factor has given rise to the rule that the presumption is in favor of a bequest being general rather than specific.[2] The burden rests upon the party asserting that a bequest is specific to establish that fact either from the language of the will itself or that language interpreted in the light of surrounding circumstances developed by the evidence.
We find no difficulty in affirming the decision of the County Judge’s Court insofar as it holds that the first three bequests are specific. The language employed by the testatrix is almost identical with that found in the will construed in the case of Vail’s Estate.[3] The only factual difference between the Vail case and the case at bar is that in the former the bequests constituted all of the stock of the testator in the named corporation whereas in the case at bar the testatrix had additional stock in Swift and Company. We do not think this difference sufficient to justify the application of a different rule.
Insofar as the bequest of debentures to Helen Mix and Lee Garrison Swick are concerned, we are constrained to find that the County Judge’s Court erred in determining that these bequests 'were specific.
The residuary legatee, appellant here, did not see fit to develop any factual situation other than that disclosed by the will itself except the circumstance that the testatrix owned exactly 35 “Armour and Company 5% Cumulative Income Subordinated Debentures due November 1, 1984, each in the sum of One Thousand Dollars ($1,000.00),” although she did own other debentures of Armour and Company of different denominations.
We think the following circumstances impel the conclusion stated:
1. In the first three bequests the testatrix used the word “my” in describing the subject of the bequests. In the last two bequests the word “my” is not employed. The will obviously was prepared by a skilled draftman. The use of the word “my” in describing the Swift and Company stock passing under the first three bequests brings each of these bequests within the rule announced by the Supreme Court in the Vail case. The absence of the word “my” in the fourth and fifth bequests would seem to bring those bequests directly within the rule announced in the McDougald case.[4] *21 This distinction is not absolutely controlling, but it is of substantial weight.
2. The will contains fourteen bequests ■of property or money preceding the residuary bequest to the appellant. The first five bequests are much larger than the last eight, tending to indicate that the testatrix felt that the beneficiaries of these bequests had substantially heavier claims upon her bounty, but should the bequests of the Armour and Company debentures fail by reason of the testatrix having sold such debentures ■during her lifetime without making a new will the bequest to Helen Mix would be re■duced by $5,000.00 and that to Lee Garri■son Swick would fail completely.
It is argued very strenuously that the particularity in the description of the debentures in these two bequests indicates testatrix expected the bequest to be discharged by delivery of the specific debentures which were in her portfolio at the time of the making of the will and at the time of her ■death. The appellant deducts from this ■conclusion that the bequests are specific.
Actually these bequests are no more spe•cific than was the bequest of stock in the McDougald case. A share of common stock in a named corporation is a definite and ■specific article. Such stock is not usually •divided into classes as to divident rates, •maturities, redemption conditions or otherwise. Debentures of a corporation frequently vary in dividend rates, in maturity ■dates, and in redemption conditions. The more detailed description of the Armour .and Company debentures in the estate under •consideration is in reality no more specific •than the designation of the shares of stock in Swift and Company. Each description ■describes accurately and definitely that which is bequeathed. The bequest of a ■share of Swift and Company stock is completely described by those words “a share •of stock in Swift and Company,” but the bequest of a debenture of Armour and Company would not necessarily be complete unless we know the maturity date, the interest rate, and the principal of that debenture.
Counsel argue that the particularity of the description indicates an intent of the testatrix that the specific debentures which she owned should be delivered to the legatees. It is very probable that the testatrix contemplated that the debentures in her portfolio would be used to satisfy these bequests. We can accept this premise without drawing the conclusion that it was the intent of the testatrix that if for any reason those debentures were not in her portfolio at the time of her death the named beneficiaries would not receive the debentures described or like debentures or anything to take their place.
It not infrequently happens that a testator having a liquid estate devises large amounts of cash to particular individuals having in mind and being satisfied that the cash which the testator has in certain banks will be used to satisfy the bequests, but the mere fact that the sum total of the bequests is equivalent to the amount of cash owned by a testator does not make an unqualified bequest of cash a specific bequest of a deposit that a testator may have in a particular bank.
In the absence of any contrary showing, and none is made here, we feel that the Mc-Dougald case is controlling and that the fourth and fifth bequests under consideration are general and the interest thereon earned during administration should be paid to the residuary legatee.
The judgment appealed from is affirmed in part and reversed in part, and the case is remanded for the entry of an order in conformity with this opinion.
STURGIS, C. J., and WIGGINTON, J., concur.

. Except the money bequest to Helen Mix.

. In re McDougald’s Estate, 149 Fla. 468, 6 So.2d 274.

. In re Vail’s Estate, Fla., 67 So.2d 665.

. In re McDougald’s Estate, supra, in which the Court held “general” a bequest of “15 shares of stock in Goodall Worsted Company; also 15 shares of stock in Goodall Securities Company; and also 5 shares of preferred stock in Tampa Gas Company.”