## In re LINDSLEY'S WILL.

No. 59033.

County Judges' Court, Dade County.
July 10, 1964.

Paul & Sams, Miami, for Jane Medlin, as executrix.

Mershon, Sawyer, Johnston, Dunwody, Mehrtens & Cole, Miami, for Jane Medlin, individually.

Harry Willis and Joseph P. Manners, both of Miami, for estate of Ruth R. Lindsley.

FRANK B. DOWLING, County Judge.

This cause came on to be heard before the court upon the petition for the construction of the will of J. V. Lindsley, deceased, filed by Jane Medlin, his daughter, as the executrix of his estate,

the answer to the petition filed by Jane Medlin, individually, the answer filed by the executors of the estate of Ruth R. Lindsley, the testimony presented directly before the court and the briefs submitted by counsel for the interested parties.

The petition stated that J. V. Lindsley and his wife, Ruth R. Lindsley, died in an automobile accident on March 20, 1963 near Ft. Pierce, Florida. The petition prayed that the court determine the order of deaths of the decedents, J. V. Lindsley and his wife, Ruth R. Lindsley, and that the court construe articles II and VIII of the will of J. V. Lindsley.

Jane Medlin, individually, answered the petition and alleged that Ruth R. Lindsley predeceased J. V. Lindsley and, conversely, that J. V. Lindsley survived Ruth R. Lindsley. Her answer alleged that since J. V. Lindsley survived Ruth R. Lindsley, none of his estate qualifies for the federal estate tax marital deduction and, therefore, nothing passes under article II of the will of J. V. Lindsley to the estate of Ruth R. Lindsley, deceased, and that since there is proof that J. V. Lindsley survived Ruth R. Lindsley the provisions of article VIII are not applicable.

The co-executors of the estate of Ruth R. Lindsley in answer to the petition alleged that because J. V. Lindsley predeceased Ruth R. Lindsley, articles II and VIII operated to vest the bequest into the estate of Ruth R. Lindsley and that the presumption created by article VIII could not be rebutted because there is evidence that J. V. Lindsley predeceased Ruth R. Lindsley or that their deaths were simultaneous.

Each of the deceased left an estate of approximately one and one quarter of a million dollars.

The court heard the testimony of five or six witnesses among whom was the ambulance driver, Roger L. Byrd, who was a licensed funeral director in Florida and had been since 1954. He testified that he arrived on the scene of the accident around 2:15 in the afternoon, that he checked the pulse of the lady (Ruth R. Lindsley) and found no sign of life whatsoever, and that he checked the man (J. V. Lindsley) and found a rhythmic pulse. He testified that he checked Mr. Lindsley's pulse several different times and found a rhythmic pulsation each time until the last time when Mr. Lindsley had no pulse.

Mr. Byrd testified extensively as to his training as a funeral director and as an ambulance driver and his experience of having seen probably a hundred people die from various causes, many as a result of highway accidents. In addition, there was testimony from the assistant ambulance driver, a service station attendant who saw

the accident, and a highway patrolman to support the contention of Jane Medlin that her father survived his wife. The great weight of the evidence was that she was dead and he was alive and lived for several minutes after she expired.

The court, after hearing the testimony of the witnesses and considering the pictures and other exhibits, ruled in open court that the evidence conclusively showed that J. V. Lindsley survived Ruth R. Lindsley by several minutes and, conversely, Ruth R. Lindsley predeceased J. V. Lindsley.

After having made the above finding of fact, the questions of law concerning the interpretation of the will were presented by briefs submitted by counsel for the respective parties.

Upon a consideration of Mr. Lindsley's entire will, the court finds that it was the intent of Mr. Lindsley to obtain the maximum tax benefit in the event Mrs. Lindsley took under his will. Article II provided that if Ruth R. Lindsley survived, she would take the maximum amount of the estate tax marital deduction, but also that "no property is bequeathed to my wife under this Article II which does not qualify for the estate tax marital deduction." Nothing qualifies for the marital deduction because there is positive proof that J. V. Lindsley survived his wife, Ruth R. Lindsley, for several minutes.

Article VIII of Mr. Lindsley's will provides —

> "In the event that my wife, Ruth R. Lindsley, shall die with me in a common accident or disaster, or under such circumstances as make it impossible or difficult to determine which of us died first, I direct that my wife shall be presumed to have survived me and that I be presumed to have predeceased her."

This article is ineffective to create an unrebuttable presumption where survivorship is ascertainable as it is in this case. An intent expressed by Mr. Lindsley in the body of his will was to obtain the tax benefit of the marital deduction, and the presumption created by article VIII was in furtherance of that purpose. However, such clause is only effective where survivorship is unascertainable, Int. Rev. Code of 1954, §2056, Treas. Reg. §20.2056 (e)-2, 4 Institute for Business Planning, §25.334. In 2 Appleman, Basic Estate Planning, 693 (1957), the author states —

> "Of course any presumption whether it be the statutory presumption or the presumption created by the testator's will, will only apply in the absence of actual evidence as to the order of deaths."

To construe the will of J. V. Lindsley so as to permit the estate of Ruth R. Lindsley, deceased, to be a beneficiary thereunder without obtaining the benefit of the marital deduction would be expressly contrary to the intent expressed by Mr. Lindsley in the body of his will.

Furthermore, the court construes the use of the word "or" in article VIII in that portion thereof which states "or under such circumstances as make it impossible or difficult***" to be the conjunctive use of the word "or" in the same sense as the word "and," and that the word "or" was not intended to be used by the testator in its disjunctive sense. In other words, the testator intended that article VIII should apply if they should die in a common accident and where the circumstances made it impossible to determine which died first. See Everitt v. Laspeyre, 24 S.E.2d 381 (Ga. 1943); Garrett v. Damron, 110 S.W.2d 1112, 1116 (Mo. 1937). It is well settled that the intent of the testator should be ascertained by a consideration of the entire instrument and not some isolated segment of the document. Meszaros v. Holsberry, 84 So.2d 565 (Fla. Sup. Ct. 1956). However, since there is competent eyewitness proof of survivorship as discussed above, a determination of the conjunctive or disjunctive use of the word "or" in article VIII of the decedent's will is not absolutely necessary.

It is inconceivable to the court that the testator set out four contingencies or alternatives upon the happening of any of which there would be created an unrebuttable presumption that Mrs. Lindsley survived her husband. Under such contention, Mr. Lindsley could have survived for as much as a year and still the presumption would be that Mrs. Lindsley survived. This contention is untenable in view of the expressed intent of the testator. This clause was intended to be used in the general sense of such clauses where it could not be determined from the factual evidence who survived the other.

The court finds that because the intent of the decedent, J. V. Lindsley, was to make a bequest to Ruth R. Lindsley only in the event that his estate obtain the estate tax marital deduction and that because the factual conclusion of his survivorship has been reached by competent testimony, the position taken in behalf of the daughter, Jane Medlin, must be sustained.

It is therefore ordered and adjudged — (1) That Ruth R. Lindsley predeceased J. V. Lindsley and, conversely, that J. V. Lindsley survived his wife, Ruth R. Lindsley. (2) That the bequests to Ruth R. Lindsley lapse and that Jane Medlin is the sole beneficiary under the last will and testament of J. V. Lindsley, deceased.