PEARSON, Judge
(dissenting).
It is my view that the trial judge has taken evidence and made a will for the deceased. Although it is the duty of the judge in probate to determine the intention of the testator, it is not his prerogative to make wills. See Adams v. Vidal, 60 So.2d 545, 547 (Fla.1952); and Boyle v. Howe, 126 Fla. 662, 171 So. 667, 671-672 (1936); and see In Re Bradstreet’s Will, 5 Fla.Supp. 70, 75 (Fla. Palm Beach Cty. Judges Ct. 1954). See also the principles of law in In Re Cosgrave’s Will, 225 Minn. 443, 31 N.W.2d 20, 25 (1948).
I would hold that the purported will is of no effect. Cf. Meszaros v. Holsberry, 84 So.2d 565 (Fla.1956).