WELCH *et al. v.* WELCH.[*]

(Division B. May 30, 1927. Suggestion of Error Overruled June 13, 1927.)

[113 So. 197. No. 26514.]

1. WILLS. *In case identical thing bequeathed is not in existence, or has been disposed of, legacy is "extinguished" or "adeemed."*
   In case identical thing bequeathed is not in existence, or has been disposed of so that it does not form part of the testator's estate, at the time of his death, the legacy is "extinguished" or "adeemed," and the legatee's rights are gone.

2. WILLS. *Parol testimony is admissible as to character of property owned by testator, though will may be unambiguous on its face.*
   Though a will may be unambiguous on its face, parol testimony is admissible as to character of property owned by testator both at time of execution of will and at time of death, in order to properly apply terms of will to estate of which he died seized and possessed.

3. WILLS.  *Widow held not entitled to Lincoln automobile, under will bequeathing Packard automobile which had been exchanged for Lincoln.*

   Under will bequeathing to testator's widow, among other things, a Packard automobile, widow was not entitled to Lincoln automobile of which testator died possessed and for which he had exchanged Packard automobile owned at time of execution of will, since it was not unreasonable to presume that, if testator intended wife to have Lincoln automobile instead of Packard, he would have changed his will to that effect.

4. WILLS.  *Courts cannot make will for testator by parol testimony.*

   Courts cannot, by parol testimony, make a will which testator did not make.

---

*Corpus Juris-Cyc. References: Wills, 40Cyc, p. 1427, n. 8; p. 1430, n. 14; p. 1442, n. 77; p. 1444, n. 84; p. 1918, n. 60; p. 1919, n. 61, 67. For change in subject-matter or substitution of other property as an ademption of a specific legacy or devise, see annotation in 40 L. R. A. (N. S.) 553; L. R. A. 1918D, 538; As to ademption of bequest of chattel by change in form, see annotation in 40 A. L. R. 558; 28 R. C. L. 345; 4 R. C. L. Supp. 819; 6 R. C. L. Supp. 1722.

APPEAL from chancery court of Warren county.

HON. J. L. WILLIAMS, Chancellor.

Suit between W. C. Welch and another and Maud T. Welch, executrix, involving a construction of the last will and testament of C. Welch, deceased. Decree for the latter, and the former appeal. Reversed and judgment rendered.

*Wm. I. McKay,* for appellants.

Does the *Lincoln* car go to the widow, under the specific bequest to her of "my *Packard* automobile" in the second item of the will; or was the specific bequest "to my wife" of "my *Packard* automobile" adeemed by his disposal thereof prior to his death, so that the *Lincoln* car, owned at the time of his death, goes to the residuary legatees under the fourth item of the will? Our position is that the *Lincoln* car goes under the will and the law to the residuary legatees thereof, the appellants.

In the absence of any decision of this court, precisely in point, we refer to these authorities; 40 Cyc., p. 1919; 28 R. C. L. 341; 3 A. L. R., pp. 1497 et seq., 40 L. R. A. (N. S.) 542 and note; 11 L. R. A. (N. S.) 63 and note. *Wells* v. *Wells,* 35 Miss. 638, throws no light on the question at bar.

In *Macrae* .v. *Lowrey,* 80 Miss. 52, the principle of ademption is again recognized by this court. But neither of these cases is precisely in point. The Lincoln car, under all of the authorities, passed, under the will, to the residuary legatees.

"In case of a sale or other extinction of the subject-matter of the legacy or devise, many courts have presumed an intention that the legacy should fail." 40 L. R. A. (N. S.) 549 and note.

Only the legislature, not the courts, can change this well-settled rule of the common law, as has been done by statute in three states. In determining whether a specific legacy has been adeemed, the intention to adeem will not be considered beyond the expression in the will itself and alone. *Ford* v. *Ford,* 23 N. H. 212; *Georgia Infirmary* v. *Jones,* 37 Fed. 750 (appeal dismissed in 37 L. Ed. 966); *Harrison* v. *Jackson,* L. R. 7, Ch. Div. 339, 47 L. J. Ch. (N. S.) 142; *Rogers* v. *Rogers,* 67 S. C. 168, 45 S. E. 176.

Ademption is not a question of intention, but a universal conclusion of law from the simple fact of the non-existence of the thing specifically bequeathed. *Humphreys* v. *Humphreys,* 2 Cox. Ch. 184; *Badrick* v. *Stevens,* 3 Bro. C. C. 431; *Hosea* v. *Skinner,* 67 N. Y. Supp. 527; *Beck* v. *McGillis,* 9 Barb. (N. Y.) 35; *Snowden* v. *Banks,* 9 Ired. L. (31 N. Car.) 373; *Blackstone* v. *Blackstone,* 3 Watts (Pa.) 335; *Ross* v. *Carpenter,* 9 B. Mon. (Ky.) 367.

*Malone* y. *Mooring,* 40 Miss. 247, recognizes the ademption of a specific legacy by the disposal of the thing specifically bequeathed prior to the death of the testator. See, also, *Lang* v. *Vaughn,* 137 Ga. 671, 74 S. E. 270; *Gard-*

*ner* v. *McNeal,* 82 Atl. (Md.) 988; *May* v. *Sherrard,* 115 Va. 617; *Macdonald* v. *Irvine,* 47 L. J. Ch. (N. S.) 494; *Harrison* v. *Jackson,* 47 L. J. Ch. (N. S.) 142; *Tipton* v. *Tipton,* 1 Coldw. (Tenn.) 252; *Tolman* v. *Tolman,* 85 Me. 317; *Updike* v. *Thompkins,* 100 Ill. 406.

The decree of the lower court should be reversed.

*Brunini & Hirsch,* for appellee.

In presenting the law, appellants have absolutely ignored the fact that there are exceptions made by the courts to the general rule and different courts have taken different views as to those exceptions. What Mr. Welch, the deceased, intended to do was to give his wife his automobile. He didn't have any other. It was the right and natural thing for him to do. He thought so, because he gave it to her. If he had had more than one car, then it would have been necessary for him to have used some term or description to identify it. In this case had he used "my automobile," instead of "my Packard automobile," appellants would be without an argument. *Waldo* v. *Hayes,* 89 N. Y. S. 69, is almost on all fours with the case at bar. Schouler on Wills (3 Ed.), sec. 486. The same rule is declared and adopted in *Van Vechten* v. *Van Vechten,* 8 Paige, 104; *Tifft* v. *Porter,* 8 N. Y. 516, 521; 40 Cyc. 1426; 40 Cyc. 1046.

In quoting from Ruling Case Law (Brief, page 3), the appellants stop short of this sentence which immediately follows the quotation: "According to some decisions, however, slight or immaterial changes in the form of the property bequeathed will not work an ademption." In support of this last sentence, the note in 8 American & English Cases, 145 is cited. 40 L. R. A. (N. S.) 551 and note, citing *Wells* v. *Wells,* 35 Miss. 638.

In the case at bar take the surrounding circumstances and the expressions of the testator, and no doubt can be entertained of the fact that Mr. Welch, the deceased, in-

tended that his wife should have his automobile. An interesting case is *Kirsher* v. *Todd,* 162 N. W. 129, 133.

The following are additional cases supporting our contention: *In re Pierce,* 54 A. 588, 25 R. L. 34; *Marcy* v. *Graham* (Va.), 128 S. E. 550; *Spinney* v. *Eaton,* 87 A. 378, 111 Me. 1; *Fidelity Title & Trust Co.* v. *Young et al.,* 125 Atl. 871; *Hansbrough's Ex'rs* v. *Hooe* (Va.), 37 Am. Dec. 69, 668; *Donald* v. *Hall,* 130 Am. State Rep. 621, 651.

Argued orally by *Wm. I. McKay,* for appellant, and *John Brunini,* for appellee.

ANDERSON, J., delivered the opinion of the court.

There is involved in this cause the construction and application of paragraphs two and four of the last will and testament of C. Welch, deceased. His widow, Maud T. Welch, the appellee, claimed, under the second paragraph of the will, a Lincoln automobile of which her husband died seized and possessed. The court below rendered a decree sustaining appellee's contention. From that decree appellants prosecute this appeal.

The two paragraphs of the will in question (second and fourth) are in this language:

"2d. I hereby give and bequeath to my wife, Maud Trickle Welch, twenty-five thousand dollars ($25,000) in cash, my Packard automobile, and all my household goods, furniture and jewelry.

"4th. I hereby give, bequeath and devise to my sister, Miss Jessie A. Welch of Vicksburg, Mississippi, and my brother, Wade C. Welch of Vicksburg, Mississippi, share and share alike all of the residue of my estate, both real and personal, and should either one of the two last-named beneficiaries die before I do then the residue of my estate, real and personal, shall be given to the surviving one."

At the time of the execution of the will the testator owned a Packard automobile. There is nothing in the

evidence to show whether or not at that time he owned an automobile of any other make. At the time of his death the testator owned a Lincoln automobile. The evidence does not show whether or not he owned another antomobile at that time, except the inventory of his personal estate in the record shows a truck belonging to the estate. The evidence shows that prior to his death in December, 1925, the testator exchanged the Packard automobile, which he owned at the time of the execution of the will, for a Lincoln automobile of which he died seized and possessed.

Appellants' position is that the exchange by the testator of his Packard automobile, owned by him at the time of the execution of his will, for the Lincoln automobile, of which he died seized and possessed, had the effect of working an ademption of the bequest to appellee, his widow, Maud T. Welch, in the second paragraph of his will, of the Packard automobile; that under the law the Lincoln automobile did not take the place of the Packard automobile, and, therefore, went to the appellants, the testator's brother and sister, under the fourth paragraph of the will, by which the testator disposed of his residuary estate. On the other hand, appellee undertakes to maintain the converse of that position, and the court below so held.

The doctrine of ademption of specific legacies, we think, is correctly and clearly stated in 28 R. C. L., section 341, at pages 345-347, as follows:

"The distinctive characteristic of a specific legacy is its liability to ademption. If the identical thing bequeathed is not in existence, or has been disposed of so that it does not form a part of the testator's estate, at the time of his death, the legacy is extinguished or adeemed, and the legatee's rights are gone. The rule is universal that, in order to make a specific legacy effective, the property bequeathed must be in existence and owned by the testator at the time of his death, and the nonexistence of property at the time of the death of a testator which

has been specifically bequeathed by will is the familiar and almost typical form of ademption. This may result from a variety of causes, such as a gift during the lifetime of the testator, of the particular article which was the subject-matter of the legacy, its consumption, loss, death, or sale, and in each of such instances the courts have held that the legacy is adeemed. Where the testator substantially alters the form of the subject-matter of his bequest as by making wool into cloth, or a piece of cloth into a garment, the legacy is adeemed, because the subject-matter cannot be restored to its former state. A bequest of corporate stock is adeemed by its sale by the testator and the investment of the proceeds in other stock, and the newly purchased stock cannot be substituted for the former to answer the bequest. And it has been held that a specific legacy of stock in a corporation is adeemed where, after the execution of the will, the testator exchanges the stock for stock in a corporation which has succeeded to the rights, duties, and property of the first corporation, or where the charter of the corporation expires during the lifetime of the testator and he receives dividends in liquidation of the stock. So a specific bequest of the proceeds of specified life insurance policies has been held to be adeemed by the collection by testator of the surrender value of the policies, and the deposit of the proceeds in bank, investing them in other securities, or mingling them with other moneys of the testator. Where a debt is bequeathed as a specific legacy, it is adeemed by the payment of the debt. In the case of a specific legacy, whenever the article in question is not forthcoming, the will is usually construed as meaning that the testator did not intend any other article for the legatee, and therefore he cannot have anything. According to some decisions, however, slight or immaterial changes in the form of the property bequeathed will not work an ademption. Sometimes this doctrine of ademption is expressed by saying that the alienation of be-

queathed property by the testator in his lifetime operates as a revocation *pro tanto* of his will.''

We have examined a good many of the authorities in the notes relied on to sustain the doctrine of the ademption of legacies as above set out in Ruling Case Law, and find that they fully sustain the principles therein stated. It will be noted that some of the decisions hold that slight or immaterial changes in the property bequeathed do not work an ademption of the legacy, and that the intention of the testator, if it can be ascertained, is controlling. Appellee relies on a line of cases to that effect. We do not understand, however, the authorities relied on by appellee to be in conflict with the general doctrine stated in Ruling Case Law. There appears to be no exception to the general rule that if the identical thing bequeathed is not in existence, or does not form a part of the testator's estate at the time of his death, the legacy is adeemed, and the legatee's rights therein are gone. *Marcy* v. *Graham,* 142 Va. 285, 128 S. E. 550, fairly represents the class of cases upon which appellee relies to sustain her contention. The court held in that case that the intention of the testator, if it could be ascertained, should be controlling, and that all the refinements of law as to the ademption of legacies must yield to the power of the testator to dispose of his property as he desires.

We do not question the soundness of the authorities relied on by appellee. As we understand, they are not in conflict with the doctrine of the ademption of legacies as set out in Ruling Case Law. The question arises in the application of the doctrine to the present case. Here we have a will that is plain and unambiguous. In the second paragraph of the will the testator bequeaths to appellee, his widow, "my Packard automobile." Certainly, parol evidence was not admissible to interpret what the testator meant by ''my Packard automobile.'' It is true, however, that, although a will may be unambiguous on its face, parol testimony is admissible as to the character of property owned by the testator both at

the time of the execution of his will and at the time of his death, in order to properly apply the terms of the will to the estate of which he died seized and possessed.

But, as we view it, that principle does not aid appellee in the present case. It is true that the deceased owned a Packard automobile at the time of the execution of his will, and that before his death he exchanged it for a Lincoln automobile, of which he died seized and possessed, but a Lincoln automobile is not a Packard automobile, and for aught that appears in the evidence, the testator may have owned both a Packard and a Lincoln automobile when he executed the will, or he may have owned several different kinds of automobiles. In fact, it is not certain from the evidence in the case that the testator did not own other automobiles than the Lincoln automobile at the time of his death. To sustain appellee's position, it is necessary to substitute in the second paragraph of the will for the words "my Packard automobile," the words "my Lincoln automobile." The testator knew, when he exchanged the Packard automobile for the Lincoln automobile, that the latter was not disposed of by his will. It is not unreasonable to presume that if he intended that appellee, his wife, should have the Lincoln automobile instead of the Packard he would have changed his will to that effect. The courts cannot, by parol testimony, make a will which the testator did not make.

Reversed, and judgment here for appellants.

*Reversed.*