360 So.2d 679 (1978)
Robert C. STOVALL, Jr.
v.
Richard M. STOVALL.
No. 50283.
Supreme Court of Mississippi.
May 31, 1978.
Rehearing Denied July 26, 1978.
Harvey & Rector, Thomas C. Harvey, Jr., Robert C. Stovall, Jr., Columbus, for appellant.
Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Grady F. Tollison, Jr., Oxford, for appellee.
Before SMITH, SUGG and BROOM, JJ.
BROOM, Justice, for the Court:
Apportionment of estate taxes between personalty and realty was sought in this will case appealed from the Chancery Court *680 of the Second Judicial District of Chickasaw County. Robert C. Stovall, Sr. executed his holographic will on April 28, 1962, and died September 18, 1970. His will devised most of his realty to his son, Richard, and most of his personalty to Robert, Jr., his other son. Robert appeals from the lower court's decree providing that personal property should be first exhausted in payment of estate taxes before charging such expenses to the realty of the estate. We affirm.
Stovall's estate was valued at some $2,387,854, and after payment of over $900,000 estate taxes the total value of the estate devised to the two siblings was $1,472,722. Before paying taxes, Robert, Jr.'s share (mostly personalty) of the estate was valued at $1,043,076, but after paying taxes of $497,832 his net share of the estate was of the approximate value of $545,000 or 37% above taxes. Richard's share (mostly realty) of the estate taken under the will was valued at $1,344,778, and after paying $417,300 of the estate tax burden, his share remaining was of the approximate value of $927,500, or 63% above taxes. The disparity of their proportionate net shares of the estate resulted largely from the fact that under the law of Mississippi personalty is chargeable with taxes before reaching realty. Consequently, Robert, Jr., appellant, sought to have the lower court "construe the will and find that the will should be interpreted and construed, under all the circumstances, to manifest an intent that the estate tax burden should be apportioned among the properties inherited by the two brothers, Robert and Richard, according to the values of the properties" on the estate tax return as finally agreed upon. In his action Robert, Jr. unsuccessfully offered extrinsic evidence to explain the intent of the testator, though no ambiguity appears in the will.
The ultimate burden of estate taxes in this state in the absence of a manifestation of the testator's intent is not chargeable to the land until personalty in the estate has been exhausted. This was in effect what we held in Estate of Torian v. First Nat'l Bank of Memphis, 321 So.2d 287 (Miss. 1975), which decision the lower court in the case sub judice relied upon.
Mississippi has no apportionment statute, but has two statutes negating any apportionment of estate taxes. We have repeatedly construed these statutes as directing the order and manner for the payment of estate taxes. First, such taxes are paid from general bequests of personalty, then specific bequests, and then, if necessary, land. The statutes are Mississippi Code Ann. § 91-7-91 and § 91-7-191 (1972), which provide:
The goods, chattels, personal estate, choses in action, and money of the deceased, or which may have accrued to his estate after his death from the sale of property, real, personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets and shall stand chargeable with all the just debts, funeral expenses of the deceased, and the expenses of settling the estate. The lands of the testator or intestate shall also stand chargeable for the debts and such expenses over and above what the personal estate may be sufficient to pay, and may be subjected thereto in the manner hereinafter directed... . (Miss. Code Ann. § 91-7-91 (Supp. 1977)).
When an executor or administrator shall discover that the personal property will not be sufficient to pay the debts and expenses, he may file a petition in the chancery court for the sale of the land of the deceased, or so much of it as may be necessary, and exhibit to the court a true account of the personal estate and debts due from the deceased, and the expenses and a description of the land to be sold. (Miss. Code Ann. § 91-7-191 (1972)).
Gidden v. Gidden, 176 Miss. 98, 167 So. 785 (1936), holds that unless a testator's will provides otherwise, personalty goes to his personal representatives for payment of debts and legacies, but realty goes to devisees and heirs free of debts until the personalty is exhausted. Although other states have enacted apportionment laws, Mississippi has not done so and, as a result, real *681 estate remains in a position paramount to that of personalty. Personalty is primarily liable for the debts of the decedent, but realty is only secondarily liable.
Here, the testator was a prominent attorney, and no doubt was aware that his devise to Robert, Jr. (largely personalty) would bear a larger burden of estate taxes than his devise to Richard. We hold that the lower court correctly construed Mississippi Code Annotated §§ 91-7-91 and 91-7-191, supra, and held that the estate taxes of the Estate of Robert C. Stovall, Sr. must be paid first from the personal property not specifically devised by the will, and secondly from other personalty of the estate, and thirdly, if necessary, from the real estate. Reading the will discloses no specific direction concerning the payment of debts other than the executors were directed to pay "my just debts." If the testator, an attorney, had wanted to allocate the estate tax burden in any way other than that specifically directed by statute interpreted by case law, he would certainly have said so, but didn't. Under these circumstances, payment of estate taxes must be thusly: first, exhaust personalty before looking to real estate.
Here the will of Robert Stovall, Sr. was not ambiguous and, adhering to the better rule, the lower court refused to admit extrinsic evidence to interpret the will in such a manner as to read into it an intent that taxes be allocated other than as by our established law. Seal v. Seal, 312 So.2d 19 (Miss. 1975). No language in the will was other than "clear, definite and unambiguous" and, therefore, no court should give to such a will any meaning other than its clear import. Seal v. Seal, supra.
As far back as 1905, we have held that: "The will of the testator is the supreme law. That being silent, or not showing a contrary desire, the statute will control." Gordon v. James, 86 Miss. 719, 754, 39 So. 18, 25 (1905). The expressed intent of the testator is the guiding star rather than "what he wished" or may have wished. Ferguson v. Morgan, 220 Miss. 266, 70 So.2d 866 (1954). Accordingly, Robert Stovall, Sr. did not from within the four corners of his will direct that the estate taxes would be charged to his realty proportionately to the charge against his personalty; therefore, the cited statutes are controlling.
As said in Welch v. Welch, 147 Miss. 728, 113 So. 197 (1927):
The courts cannot, by parol testimony, make a will which the testator did not make.
(147 Miss. at 736, 113 So. at 199).
There is no ambiguity in the will drafted by an attorney for himself wherein he was very specific regarding his devises and bequests. Exclusion of extrinsic evidence under the circumstances presented by this record was in accord with applicable legal principles, and therefore the decree appealed from must be upheld.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, LEE, BOWLING and COFER, JJ., concur.
WALKER, J., takes no part.