820 So.2d 782 (2002)
In the Matter of the LAST WILL AND TESTAMENT OF Vivian Bardin REDDITT, Deceased: Ralph Bardin Redditt, Appellant,
v.
Helen Gray REDDITT, Executrix of the Last Will and Testament of William Joseph Redditt, Deceased, Richard P. Redditt and Vivian Redditt Hemphill, Appellees.
No. 2001-CA-00839-COA.
Court of Appeals of Mississippi.
June 25, 2002.
*783 James W. Burgoon, Jr., Greenwood, attorney for appellant.
F. Ewin Henson, III, Greenwood, attorney for appellees.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
THOMAS, J., for the court.
¶ 1. This is a battle of one sibling versus the other three siblings regarding interpretation of their mother's will. Ralph Bardin Redditt argues on appeal that, because his mother conveyed lands to a family corporation, the land did not pass under a provision of the will relating to real property, but passed under the residuary clause. Ralph believes that his mother's conveyance of the land for stock in the corporation was an ademption, that is, that the devise of said land was extinguished, making the bequest of personalty under the residuary clause controlling. The chancellor ruled otherwise. Ralph appeals asserting the following issues:
I. WHETHER THE WILLS OF MR. AND MRS. REDDITT EXPRESS THE INTENT THAT RALPH BARDIN REDDITT RECEIVE 187 ACRES OF LAND OR SHARES OF STOCK LESS THAN THE APPELLEES, JOE, RICK, AND SIS?
II. WHETHER, UNDER THE CONSTRUCTION OF THE WILLS ADOPTED BY THE CHANCELLOR, RALPH BARDIN REDDITT RECEIVING 374 ACRES OR SHARES OF STOCK LESS THAN THE OTHER THREE SIBLINGS IS IN ACCORDANCE WITH THE INTENT OF THE PARENT'S WILLS?
III. WHETHER THE CONVEYANCE OF THE SUBJECT MATTER OF A SPECIFIC DEVISE OF 187 ACRES IN A WILL CONSTITUTES AN ADEMPTION OF THAT DEVISE?
IV. WHETHER THE CONVEYANCE OF LAND BY THE TESTATRIX DURING HER LIFETIME TO A CORPORATION IN EXCHANGE FOR SHARES OF STOCK CONSTITUTES AN ADEMPTION OF THE DEVISES OF LAND SO CONVEYED?
Finding no error, we affirm.

FACTS
¶ 2. The facts in this case are not in dispute. Ralph and Vivian Redditt resided *784 in Carroll County where they accumulated and farmed land held in their names. The Redditts had four children, Ralph Bardin Redditt (Bardin), William Joseph Redditt (Joe), Richard P. Redditt (Rick), and Vivian Redditt Hemphill (Sis). On June 19, 1984, Ralph and Vivian executed wills. Ralph passed away in 1985, and his will was admitted to probate. His estate was closed shortly thereafter. Vivian passed away in December of 1998, and her will was probated in the Chancery Court of Leflore County, where she resided at the time of her death. Ralph's will provided, in part, as follows:
C. Upon the death of my wife if she survives me, or upon receipt of the Family Trust fund by the Trustees if she does not survive me, the Family Trust as then constituted shall be held, administered and disposed of as follows:
(1) My land shall be distributed as follows:
(a) 187 acres of land to each of my three children, Richard P. Redditt, Vivian Redditt Hemphill, and William Joseph Redditt. I am making this provision in order to equalize the circumstances of my three children with that of my son Ralph Bardin Redditt, who has previously inherited approximately 187 acres of land from Pearl Bardin.
(b) If any of my four children have acquired, by gifts, devise, or inheritance, all or part of the land located in Sunflower County, Mississippi, and owned by my nephew Billy McEachern, or the land located in Leflore County, Mississippi, known as the "Nye Place" and owned by my niece Carrie Nye Cavett, then the remainder of my land shall be distributed in such a manner that the total acreage of land received by each of my children from my nephew Billy McEachern, my niece Carrie Nye Cavett, my mother-in-law Pearl Bardin, and me shall be as nearly equal as possible.
(c) If none of my children have acquired, by gift, devise, or inheritance, any of the land mentioned in paragraph (b) above, then the remainder of my land shall be distributed in equal shares to my children.
(2) All the rest, residue, and remainder of the trust property shall be distributed in equal shares to my children.
Vivian's will provides as follows:
All that remains of my said residuary estate at the death of my husband, or should he not survive me, my entire estate (except that property previously disposed of under Item III of this will) I give, devise, and bequeath as follows:
(1) Approximately 187 acres of land owned by me and located in Sunflower County, Mississippi, to my son, Ralph Bardin Redditt, or if he is then deceased to his then living issue per stripes, subject to paragraph (4) below.
(2) 187 acres of my remaining land to each of my three children, Richard P. Redditt, Vivian Redditt Hemphill, and William Joseph Redditt. If any of said children shall then be deceased, his share shall pass to his then living issue per stripes, subject to paragraph (4) below.
(3) All of the rest, residue, and remainder of said residuary estate in equal shares to such of my children as shall then be living and to the living issue per stripes of such of my children as shall be dead with issue then living-such issue representing its parent, subject to paragraph (4) below.
At the time of Ralph's death, he owned 596 acres of land which passed into a family *785 trust under his will. The co-trustees later conveyed this land to Redditt Valley Farms, Inc., in exchange for 596 shares of stock.
¶ 3. Prior to her death, Vivian owned 1003 acres of land in Carroll County, which she conveyed to Redditt Valley Farms, Inc. in 1992 in exchange for 1003 shares of stock. Before the execution of the wills, Vivian and Bardin Redditt each inherited 187 acres of land in Sunflower County from Vivian's mother, Pearl Bardin. On April 11, 1990, Vivian executed a general power of attorney in favor of two of her sons, Bardin and Joe, allowing them to transact business on her behalf. Due to financial problems, Bardin and Vivian's interests in the land in Sunflower County were deeded to the Farm Credit Bank of Texas in satisfaction and cancellation of the indebtedness owed on a loan taken out in 1982. This deed was signed by Bardin and by Bardin and Joe as Vivian's attorneys-in-fact. Between 1992 and 1997, Bardin and Joe, acting as attorneys-in-fact for Vivian, made gifts of stock in Redditt Valley Farms, Inc., equally to the four children. The gifts were executed at twenty shares per child per year for a total of 120 shares each. Vivian was not involved in this. It was Bardin's opinion that she would not have understood.
¶ 4. After Vivian's death, Bardin petitioned the court to hold that since the family trust and Vivian had conveyed away their lands to Redditt Valley Farms, Inc., none of the land passed under the provisions of either will pertaining to real property, but instead all of it passed under the residuary clauses in which each child was to share equally. The court held that even though the land mentioned in the wills was no longer owned by them but had been converted to shares of stock, both testators intended that the shares of stock be distributed as if they were acres of land. The final judgment provided for the disposition of the shares of stock with 8.75 shares of the Redditt Family Trust to Bardin, and 195.75 shares each to Rick, Joe, and Sis. The shares gifted during the lifetime of Vivian remained as gifted. The remaining shares of stock held by the estate of Vivian Redditt were divided equally among Rick, Joe and Sis, with each of them receiving 174 1/3 shares.

ANALYSIS

I. WHETHER THE WILLS OF MR. AND MRS. REDDITT EXPRESS THE INTENT THAT RALPH BARDIN REDDITT RECEIVE 187 ACRES OF LAND OR SHARES OF STOCK LESS THAN THE APPELLEES, JOE, RICK, AND SIS?

II. WHETHER, UNDER THE CONSTRUCTION OF THE WILLS ADOPTED BY THE CHANCELLOR, RALPH BARDIN REDDITT RECEIVING 374 ACRES OR SHARES OF STOCK LESS THAN THE OTHER THREE SIBLINGS IS IN ACCORDANCE WITH THE INTENT OF THE PARENT'S WILLS?
¶ 5. We will examine the first two issues together. Bardin Redditt argues that it was his parents' intent that their children should take equally from them under their wills. Bardin recognizes that he was to receive 187 acres less than his siblings under his father's will due to a specific devise of 187 acres of land he received from his grandmother, Pearl Bardin. He argues, however, that the court erred in construing Vivian's will and reducing his shares of stock. Bardin did not receive the 187 acres of land from his mother because it had been deeded away in order to satisfy debts incurred on the land through Bardin's farming of it.
*786 ¶ 6. Contrary to Bardin's assertions, the testator's intent must be determined at the time of the will's execution. In re Granberry's Estate, 310 So.2d 708, 713 (Miss.1975). Also, a court may not amend or reform a will, nor may it add to or take from a will in order to make a new will for the testatrix. Hemphill v. Robinson, 355 So.2d 302, 306 (Miss.1978). Vivian Redditt's will was executed in 1984. Bardin and Vivian inherited the land in Sunflower County in the 1960s, from Vivian's mother and Bardin's grandmother. None of the other Redditt children took any land at this time. Bardin farmed the entire 374 acres which included his 187 acres and the 187 acres belonging to Vivian. He mortgaged it twice, the last time being in 1982 to the Federal Land Bank. The loan proceeds were paid to Bardin, the Federal Land Bank Association of Indianola, and Production Credit. When Vivian's will was made, she was aware that Bardin had inherited an undivided one-half interest in 374 acres and that the entire property was mortgaged. In her will, she specifically left Bardin the other half interest in the 374 acres and left the other children with 187 acres of land each with the rest of her estate to be divided equally among them.
¶ 7. In order to adopt the construction that Bardin proposes, circumstances occurring after the execution of the will would have to be considered controlling. If the land had not been conveyed into the family corporation, there would be no basis for argument. Even though the land was conveyed into the corporation, the wills were not modified. Bardin himself admitted that the land was conveyed into the family corporation in order to minimize estate taxes. It was conveyed at a rate of one acre for one share of stock in the corporation. We find that the chancellor did not err in determining the distribution of the assets based on the Redditts' intent at the time their wills were executed.

III. WHETHER THE CONVEYANCE OF THE SUBJECT MATTER OF A SPECIFIC DEVISE OF 187 ACRES IN A WILL CONSTITUTES AN ADEMPTION OF THAT DEVISE?

IV. WHETHER THE CONVEYANCE OF LAND BY THE TESTATRIX DURING HER LIFETIME TO A CORPORATION IN EXCHANGE FOR SHARES OF STOCK CONSTITUTES AN ADEMPTION OF THE DEVISES OF LAND SO CONVEYED?
¶ 8. We will examine these issues together, as they both involve the ademption of devises of land. The question of whether Vivian intended that the specific devises of land to her children be adeemed required findings of fact by the chancellor. These findings are entitled to substantial deference and require a finding of manifest error or clear error in order to be reversed. In re Estate of Grubbs, 753 So.2d 1043, 1046(¶ 7) (Miss.2000).
¶ 9. Ademption "occurs when a testator in his lifetime disposes of a piece of property he has specifically devised or bequeathed in his will. The effect is that the gift fails since the testator at his death did not own the property." Robert A. Weems, Wills and Administration of Estates in Mississippi §§ 9-20, at 305 (2d ed.1995). Joe, Rick, and Sis Redditt concede that there was a partial ademption of the specific devises of 187 acres each to them under Vivian's will. This ademption occurs because of the gifts of stock given to each of the children which began in 1992 and continued until 1997. These gifts were made by Bardin and Joe, acting under power of attorney. Each child, including Bardin, received 20 shares per year for a total of 120 shares each. This reduced *787 the shares in Vivian's estate from 1003 to 523. This left 174 and 1/3 each for Joe, Rick, and Sis rather than the 187 specified in the will. Similarly, Vivian no longer owned the 187 acres that was deeded to the Federal Land Bank. Therefore, this devise was adeemed and could not be conveyed.
¶ 10. As Bardin correctly asserts, the Mississippi Supreme Court recognizes the doctrine of ademption. Welch v. Welch, 147 Miss. 728, 113 So. 197 (1927). In Welch, the court held that a bequest of a Packard car to the testator's wife was adeemed when the testator conveyed away the Packard and purchased a Lincoln which he owned at his death. Welch, 147 Miss. at 729, 113 So. at 199. Joe, Rick, and Sis point this Court to a case reaching a somewhat different result due to the wording in a will. In Milton v. Milton, 193 Miss. 563, 10 So.2d 175 (1942), the court held that a testator that devised to his wife the house he occupied as his "home place," although he later sold that house and purchased another prior to his death, that the devise applied and the wife took the current house. Milton, 193 Miss. at 565, 10 So.2d at 177.
¶ 11. Bardin urges that this Court adopt a very strict view of ademption, similar to the court in Welch. Bardin argues that any change in the form of the property extinguishes the specific bequest. He argues, therefore, that when the land was conveyed into the family corporation in 1992, all specific devises in Vivian's will were adeemed. The trial court disagreed with this assertion and ordered that the shares of stock pass under the specific devise in the will.
¶ 12. Joe, Rick, and Sis point this Court to one of the great maxims of equity. "In construing the will, substance rather than form must be regarded, and the instrument should receive most favorable construction to accomplish the purpose intended by the testator." New Orleans Baptist Theological Seminary v. Lacy, 219 So.2d 665, 672 (Miss.1969). Although unable to find any Mississippi cases directly on point, Joe, Rick, and Sis point this Court to several cases from other jurisdictions which treat the change of the acres of land to shares of stock as a matter of form since the substance of the family farm remained the same.
¶ 13. In re Creed's Estate, 255 Cal. App.2d 80, 63 Cal.Rptr. 80 (Cal.Ct.App. 1967), involved a testator that left real estate known as the "Bell Property" to his daughter in trust for his grandchildren. Before his death, the testator incorporated for tax purposes, and the "Bell Property" was conveyed to the corporation. Id. at 82, 63 Cal.Rptr. 80. The testator made inter vivos gifts of stock in the corporation for the benefit of the grandchildren. The California Court of Appeals held that there was no intent to adeem the specific devise of real estate and that transferring the land into the corporation did not require a finding that the land had been adeemed. Id. at 84, 63 Cal.Rptr. 80.
¶ 14. Similar results have been reached by the courts of Indiana and Pennsylvania. In Pepka v. Branch, 155 Ind.App. 637, 294 N.E.2d 141 (1973), the Indiana Court of Appeals held that a business that became incorporated was only a change of form made for tax purposes and that the change did not cause an ademption which would cause the business to pass under the residuary clause of the will. Id. at 148. The Pennsylvania Supreme Court held that a change from a partnership to a corporation was a change of form that did not change the substance of a business and was therefore not adeemed in In Re Gerlach's Estate, 364 Pa. 207, 72 A.2d 271, 273 (1950).
*788 ¶ 15. In the case at hand, Vivian Redditt did not divest herself of the title to the real property at issue. This was done through the power of attorney granted to her sons, Bardin and Joe. Bardin testified that Vivian would not have understood the gifts of shares at the time the program was implemented. She could not, therefore, have intended to adeem the devises of land to Joe, Rick, and Sis. Bardin testified at trial that the family corporation was formed for the purpose of minimizing estate taxes after Vivian's death. No evidence was presented that Vivian participated in the forming of the corporation or in conveying the land to the corporation. Even after the formation of the corporation, Bardin testified that the land continued to be farmed by him just as it had been previously and that all of the rent went to Vivian, even though she was being divested of ownership by gifts of the shares of stock.
¶ 16. Bardin asserts that he received 374 acres less than his siblings. However, he had legal title to 187 of those acres from the early 1960s until 1991 when it was deeded to the Federal Land Bank in order to satisfy a debt against it which was established before Ralph and Vivian executed their wills. In deeding away his interest, Bardin received valuable consideration. Similarly, Bardin had engaged in farming the 187 acres owned by Vivian, which was deeded to the Federal Land Bank together with the property he had owned. Although he never had legal title to the land, he did enjoy the use of the property and benefitted when it was used to satisfy the debt against it.
¶ 17. We find that the chancellor correctly held that the specific devise of 187 acres had been adeemed, because it was conveyed away and Vivian no longer had legal title to the land at the time of her death. However, the acres which were conveyed into the family corporation was a change of form, not of substance. Therefore, the chancellor was correct in finding that the shares of stock should be distributed under the specific devises of land in Vivian's will.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.