Cite as 2021 Ark. App. 435

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV–20–557

|  |  |
|---|---|
| TERESA ANN WHITE<br><br>         **APPELLANT**<br><br>V.<br><br>PAIGE HARPER AND ANDREW ALTON JAMES<br><br>         **APPELLEES** | **Opinion Delivered** November 10, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION<br>[NO. 60CV-18-7129]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Mary and Arthur Dorsett married in Pulaski County, Arkansas, in 1973. Each of them executed their own wills in 1998 while living in Tupelo, Mississippi. Arthur had four children preceding the marriage: Teresa Ann White, Jeanne Delores Hunt, Cynthia Paige Perez, and Vicki Dianne Terrell. Mary had two children: Paige Harper and Andrew James.[1] White appeals the order of the Pulaski County Circuit Court that granted summary judgment against her in her lawsuit to impose a constructive trust on property that passed to Mary's children, the appellees in this appeal.

White raises one point: that the circuit court erred in disallowing extrinsic evidence to prove a contract to make a will and impress a constructive trust. Appellees phrase the

---

[1]By order of November 4, 2020, we noted the suggestion of death of appellee Andrew Alton James.

issue as whether extrinsic evidence was admissible to turn Mary's unambiguous 1998 will into a contract not to revoke that will. We affirm.

The first provision of Arthur's will was for payment of debts and expenses. The second provision was the establishment of the Dorsett Family Trust (Family Trust), to be funded in the amount of Arthur's estate not subject to federal estate tax at the time of his death. The property was to be distributed to Mary during her life, with the residue at her death to be distributed to the six children and stepchildren absolutely and in fee simple, share and share alike. The will's third provision directed that, after payment of debts and expenses and establishment of the trust, the remainder of Arthur's estate was to pass to Mary "absolutely and in simple." Fourth, if Arthur were to survive Mary, his estate would be distributed equally to the children and stepchildren, absolutely and in fee simple, share and share alike. Mary's will set forth similar provisions, including equal distribution from the Family Trust to the six children and stepchildren after both testators died.

Arthur died in 2005 in Pulaski County, and Mary placed property in the Mary E. Dorsett Revocable Trust ("Mary's Trust") for her two children. She moved to Indiana in 2013, where she died in January 2018. Assets remaining in the Family Trust were eventually distributed to the six children and stepchildren under a consent decree, with each of the six receiving approximately $96,000. The remainder of Mary's estate, including real estate in Pulaski County, passed to appellees through joint ownership and/or as remainder beneficiaries of Mary's Trust.

Appellant filed a complaint, an amended complaint, and a second amended complaint in circuit court. Her second amended complaint sought a constructive trust over one-sixth

2

of the property appellees received from Mary by inter vivos or testamentary transfers, including property owned by Mary's Trust. Appellant alleged that Mary's and Arthur's 1998 wills "represented their contract to not change this property distribution of (a) providing for income and principal to be used for each of them while <u>either</u> one was alive, and (b) after both deaths, distributing the remaining property in <u>equal parts</u> to <u>their six (6) children</u> named above." She contended that Mary had violated that contract by passing her estate to her children and excluding Arthur's children.

After deposing appellant and her sisters, appellees filed their motion for summary judgment based on undisputed facts and a reading of the wills' plain and unambiguous language. In response, White argued for the first time that a disputed factual question existed as to whether Arthur and Mary had an oral agreement "to not change distribution by later wills, i.e., to make wills."

The circuit court conducted a hearing on appellees' summary-judgment motion, which it orally granted at the hearing's conclusion. The court's subsequent written order includes these findings:

> After consideration of the evidence presented, no material facts remain in dispute.
>
> The Last Wills and Testaments of Arthur Dorsett and Mary Dorsett are plain and unambiguous and do <u>not</u> provide for the creation of mutual and joint wills.
>
> Under either Mississippi or Arkansas law, the Plaintiff is prohibited from using extrinsic evidence to modify the plain and unambiguous provisions of the Last Wills and Testaments of Arthur Dorsett and Mary Dorsett.

Appellant argued in a posttrial motion that the circuit court erred in disallowing extrinsic evidence. The motion was deemed denied, and appellant timely appealed to our court.

Appellant contends that the circuit court erred by excluding extrinsic evidence "as allowed under Mississippi and Arkansas case law" to prove a contract to make a will and impress a constructive trust. She acknowledges the absence of language in Arthur's and Mary's wills stating that there was a contract to not change the wills to alter property distribution. Nonetheless, she argues that the identical wills indeed created such a contract. She relies on extrinsic evidence detailing the testator's statements, family situation, actions regarding distribution, and surrounding circumstances—particularly with regard to witnesses' credibility. She asserts that Arthur had paid for all the couple's assets; when he was in extremely poor health, Mary changed ownership of assets from the Family Trust to joint tenants with right of survivorship; after Arthur's death, Mary inherited property under his will and property they held as joint tenants with right of survivorship; and Mary changed her estate planning. Asserting that Arthur's and Mary's wills "were not ambiguous in not stating they created a contract," appellant requests that the order of summary judgment be reversed and remanded for trial with extrinsic evidence admissible.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Wilcox v. Wooley*, 2015 Ark. App. 56, at 4, 454 S.W.3d 792, 795. When the parties agree on the facts, we simply determine whether appellees were entitled to judgment as a matter of law; our review is de novo for questions of law. *Miss. Cnty. v. City of Blytheville*, 2018 Ark. 50, at 10, 538 S.W.3d 822, 829.

The meaning of a will is a question of law whose answer lies between the four corners of the document, and the testator's intent is to be gathered from those four corners. *Carmody*

4

*v. Betts*, 104 Ark. App. 84, 88, 289 S.W.3d 174, 178 (2008). Nor is extrinsic evidence admissible in Mississippi to interpretate an unambiguous will, and interpretation or construction of a will is a question of law to be reviewed de novo. *Stovall v. Stovall*, 360 So. 2d 679, 681 (Miss. 1978); *In re last Will & Testament of Carney*, 758 So. 2d 1017, 1019 (Miss. 2000). The parol-evidence rule is substantive, not merely procedural, in both states. *HeartSouth, PLLC v. Boyd*, 865 So. 2d 1095, 1108 (Miss. 2003); *Parker v. Parker*, 2019 Ark. App. 607, at 8–9, 591 S.W.3d 818, 823.

In *Chlanda v. Estate of Fuller*, 326 Ark. 551, 932 S.W.2d 760 (1996), appellant asked the probate court to consider surrounding circumstances to determine if the words "wife's mother and father, or the survivor thereof" created uncertainty. *Id.* at 554, 932 S.W.2d at 762. The probate court granted summary judgment to appellees, ruling that extraneous evidence was inadmissible to show the testator's intent, which could be gathered from the will itself. *Id.* Our supreme court affirmed: "because there was no facial ambiguity, there was no genuine issue of material fact about whether parol evidence could be admitted." *Id.* at 556, 932 S.W.2d at 763.

Extrinsic evidence, including evidence about surrounding circumstances and intent, comes into play only if there is an ambiguity. *See id.* The determination of an ambiguity is itself a question of law. *Carmody*, 104 Ark. App. at 88, 289 S.W.3d at 178. Arkansas Code Annotated section 28-24-101(b)(1) (Repl. 2012) provides that a contract not to revoke a will executed after June 17, 1981, can be established only by provisions of a will stating material provisions of the contract, express reference in a will to a contract and extrinsic evidence proving the terms of the contract, or a writing signed by the decedent evidencing

5

the contract. Section 28-24-101(b)(2) specifically provides, "The execution of a reciprocal or mutual will does not create a presumption of a contract not to revoke the will."

Mississippi has no statute addressing establishment of contracts not to revoke a will. But its case law is similar to that in Arkansas regarding the standard of proof for such agreements and the admissibility of extrinsic evidence to construct or interpret wills. When ambiguity is absent, the appellate court is limited to the four corners of the will itself to determine the testator's intent. *Estate of Blount v. Papps*, 611 So. 2d 862, 866 (Miss. 1993). The courts cannot, by parol testimony, make a will that the testator did not make. *Id.* at 867. No court should assign meaning other than the clear import of language in a will that is "clear, definite and unambiguous." *Stovall*, 360 So. 2d at 680.

In *Alvarez v. Coleman*, 642 So. 2d 361 (Miss. 1994), the husband and wife executed nearly identical wills; made bequests of one dollar; and devised the remainder of their estates to a revocable trust created on the same date to which they conveyed all their property. The trust agreement stated in part that "this instrument shall become both irrevocable and unamendable" upon either settlor's death." *Id.* at 371. The *Alvarez* court, after considering and construing the wills and the trust instrument together, held that the instruments constituted a contract. *Id.* at 372.

In *Wilbanks v. Gray*, 795 So. 2d 541 (Miss. Ct. App. 2001), the trial court considered testimony but found it insufficient to establish mutual wills. The appellant court affirmed, holding that no language in the wills or in any related document showed the parties' intent to execute mutual wills. *Id.* at 548; *cf. Monroe v. Holleman*, 185 So. 2d 443 (Miss. 1966) (where language in the will stated that the testators "hereby mutually agree and contract for

6

the disposition of the estate of us," the court held that the will was intended to be a contract for the disposition of their joint estate).

Wills, unlike contracts, generally are unilaterally revocable and modifiable; a will does not become irrevocable or unalterable simply because it is drafted to "mirror" another testator's will. *Holmes v. Potter*, 2017 Ark. App. 378, at 6, 523 S.W.3d 397, 402. A will is valid until revoked and, by its inherent nature, is revocable until the death of the testatrix. *Trotter v. Trotter*, 490 So. 2d 827, 832 (Miss. 1986).

Appellant points to no cases in which parol evidence was admitted to vary the terms of an unambiguous will over a defendant's objection. She does not dispute that Arthur's and Mary's 1998 wills are unambiguous and say nothing about a contract not to revoke them. The circuit court did not err in ruling that parol evidence was inadmissible to prove a contract to make a will and impress a constructive trust. The grant of summary judgment was therefore appropriate.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Richard F. Hatfield, P.A.*, by: *Richard F. Hatfield*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Bruce B. Tidwell* and *Joshua C. Ashley*, for appellees.