BULLARD *et al. v.* BULLARD *et·al.*

Division B. July 2, 1923. Suggestion of Error Overruled July 21, 1923.

[97 South. 1. No. 23257.]

1. WILLS. *Duty of courts to ascertain and enforce intention of testator if lawful.*

In the construction of wills, it is the duty of courts to ascertain the intention of the testator and to enforce such intention, provided it is lawful.

2. WILLS. *Intention of testator ascertained from will as whole.*

In the construction of a will, the intention of the testator is to be ascertained from the whole will and from a consideration of all the provisions of the instrument taken together, and, if the language of the will is clear, definite, and unambiguous, the court must give to the language its clear import.

3. WILLS. *Of two reasonably susceptible constructions, one sustaining whole will should be adopted.*

If the language of a will is reasonably susceptible of two different constructions, one of which will defeat and the other sustain the provisions, that construction should be adopted which will sustain and uphold the will in all its parts, if it can be done consistently with the established rules of law.

4. PERPETUITIES. *Devise to testatrix's children for life with remainder to their children, with limitation as to the share of such children as die without issue.*

A testatrix's will provided as follows: "I give and devise to my children, all my property, of every kind and wherever situated, for and during their natural lives equally to be divided among them. share and share alike.  And after their deaths respectively to go to their children, then living, or born to them within ten calender months, but should either of my children die without issue, his or her share of my estate shall go to my surviving children, share and share alike." *Held,* that the children of the testatrix took an equal life estate in all her property with remainder in fee to the children of each life tenant, and, in the event any child of the testatrix should die without issue, the remainder in fee in the share of such life tenant vested in the surviving children of the testatrix, share and share alike as tenants in common.

APPEAL from chancery court of Noxubee County.

HON. T. P. GUYTON, Chancellor.

Suit by Mrs. Ellen Beirne Saunders Bullard and others against Beirne Saunders Bullard and others. From a decree for defendants, plaintiffs appeal. Affirmed.

*W. W. Magruder, L. L. Martin, L. L. Darroh,* and *B. M. Walker, Jr.,* for appellants.

The intention of testatrix must be determined by the will and the facts in existence at the time of her death. At the time of her death none of the defendants were in being and the intention of the testatrix was evidently that her issue have her property, that is, that her property should pass to her children and their issue with survivorship among her children on failure of the issue of any one of them. The will is clearly violative of section 1190 of the Mississippi Code of 1880, which was in force at the time of the death of the testatrix in 1889. It is a gift to a succession of five donees, the second set of whom were not then living at the time of the death of the testatrix. The valid and invalid gifts under this will are so connected that it is plainly evident that the wishes of the testatrix would be defeated if the first portion, that is, the gift of the life estate to Mrs. Bullard, Mrs. Carroll, Mrs. Vernou, and William Turner Saunders, is retained and the other portion refused. All the gifts must be construed together and all must be held illegal and must fall. The children of Mrs. Bullard, Mrs. Carroll, Mrs. Vernou, and William Turner Saunders were not living at the time of the death of the testatrix and testatrix's intention at that time, from the will, evidently was that her children have her property. Her children are the sole and only heirs at law of the testatrix, and the testatrix's expressed intention as shown in the void will can only be carried out by the property descending to her heirs at law named above. 21 R. C. L., Perpetuities, 54; *Gully* v. *Neville,* 55 So. 289; *Eldred* v. *Meek,* 183 Ill. 26, 75 A. S. R. 86; *Reed* v. *Voorhees,* 3 Ann. Cas. 946, and note; *Johnson Estate,* 185 Pa. St. 179, 64 A. S. R., 621, and note.

Our court has uniformly held that where a devise or bequest is made to A for life with limitations over, which limitations are too remote if the will is devisable, then A takes absolute interest. *Harris* v. *McLaren,* 30 Miss. 533-570; *Caldwell* v. *Willis,* 57 Miss. 555.

It seems clear to us that this will does violate section 1190 of the Mississippi Code of 1880, for the reason that, as stated above, we have a succession of five donees, the second class of whom was not then living, as required by the statute. In *Hudson* v. *Gray,* 58 Miss. 882, almost the identical proposition is presented. In that case the tes-tator, Gray, devised his estate to his four children, share and share alike, and by a codicil provided that in case any of these children died without male descendants, his or her share should pass to his remaining brothers and sisters. The court held that this provision was obnoxious to article 3, page 307, Code of 1857, for the reason that the estate here limited may be held by each one of the children, four in number, in succession and the limitation as to the land is therefore void. See also *Nicholson* v. *Fields,* 111 Miss., 638.

*A. T. Dent,* for appellees.

The questions to be considered by this court from the record are: (1) Has the chancery court correctly con-strued the will of Mrs. Ellen Beirne Saunders? (2) Should the demurrer have been sustained and the bill dismissed? "All rules of construction of wills are de-signed to ascertain and give effect to the intention of testator, for the very purpose of the construction of a will is to ascertain the intention of the testator as expressed in the will, viewed in the light of attending circumstances. The rules of construction are to be employed only when doubt exists, and when a testator employs language that is clear, definite, and incapable of any other meaning than that which is conveyed by the words used there is no reason for resorting to rules of construction." Vol.

28, R. C. L., 204 and 205, section 165, and authorities there cited. In Volume 28, section 167, at page 206, et seq., it is stated. "In the construction of wills the object is not to seek flaws and declare them involved' but to sustain them if legally possible, and the presumption is that the testator intended a lawful rather than an unlawful thing," citing *Greene* v. *Greene,* 26 N. E. 739; 21 A. S. R., 743; *Mee* v. *Gordon,* 116 A. S. R. 613; *In Re Billis,* 129 A. S. R. 355. Therefore, when the language used in a will is reasonably susceptible of two different constructions, one of which will defeat and the other sustain the provisions, the doubt is to be resolved in favor of the construction which will give effect to the will rather than the one which will defeat it. That construction is to be adopted which will sustain and uphold the will in all its parts, if it can be done consistently with the established rules of law; and if two modes of construction are fairly open, one of which will turn a bequest into an illegal perpetuity, while by following the other it will be valid and operative, the latter mode must be preferred. *Allen* v. *Almy,* 82 Conn. 517; Ann. Cas. 1917, B. 112.

PRESUMPTIONS: In the construction of a will it is usually presumed that the testator was acquainted with the rules of law, and that he intended to make a valid will. The courts will not ordinarily indulge in the presumption that the testator acted without advice or learning in drafting his will. Vol. 28, R. C. L., sec. 193, 233. This will is very short, written with great clearness, and the intent plainly expressed in unambiguous language. It is not contended or suggested that under the will the testatrix intended that the child or children of any of the children should receive less than fee in remainder after life estate of deceased parent. Then why, under the same provisions of the will with practically the same language, should it be contended that the child or children of testatrix, surviving the death of a tenant in common of the life estate devised, receive less than a fee? The principles of the law governing this case and adverse to

contention of appellants, are clearly set out in *Reddock et al.* v. *Williams,* 92 So. 831.

Argued orally by *B. M. Walker, Jr.,* and *W. W. Magruder,* for appellants.

Cook, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Noxubee county, construing the will of Mrs. Ellen Beirne Saunders, deceased.

The testatrix, Mrs. Ellen Beirne Saunders, a resident of the city of Baltimore, Md., died about the 25th day of November, 1889, owning at the time of her death a large tract of land located in Noxubee county, Miss. On August 8, 1887, she executed her last will and testament, and on December 13, 1889, this will was admitted to probate and was recorded in the office of the register of wills in the city of Baltimore, a duly authenticated copy of which will, together with all the proceedings for the probate thereof, was on proper petition, admitted to probate and duly recorded in Noxubee county, Miss. At the time of the execution of the will the testatrix had four children, Mrs. Ellen Beirne Saunders Bullard, Mrs. Martha Bland Carroll, Mrs. Sidney Saunders Vernon and William Turner Saunders, the devisees designated in the will. All four of her children survived the testatrix, but at the time of her death none of them had children. William Turner Saunders and Mrs. Sidney Saunders Vernon have never had children, but Mrs. Ellen Beirne Saunders Bullard has one son, while Mrs. Martha Bland Carroll has two sons and one daughter. The four children of the testatrix are the complainants in the bill filed herein, and the children of Mrs. Ellen Beirne Saunders Bullard and Mrs. Martha Bland Carroll are defendants. The bill of complaint charges that the will violates the statute of the state of Mississippi against perpetuities and vests complainants with a fee-simple title to the land devised under the will, and it seeks to have the court so construe the

will. The original will presented for construction, omitting the formal parts, reads as follows:

"I give and devise to my children, all my property, of every kind and wherever situated, for and during their natural lives equally to be divided among them, share and share alike. And after their deaths respectively to go to their children, then living, or born to them within ten calendar months, but should either of my children die without issue, his or her share of my estate shall go to my surviving children, share and share alike."

The statute of this state which was in force at the time of the death of the testatrix was section 1190 of the Code of 1880, which reads as follows:

"Estates in fee-tail are prohibited; and every estate, which shall be created an estate in fee-tail, shall be an estate in fee simple: Provided, that any person may make a conveyance, or a devise of lands, to a succession of donees then living, not exceeding two; and to the heirs of the body of the remainderman, and in default thereof, to the right heirs of the donor, in fee simple."

In construing this will it is the duty of the court to ascertain the controlling intention of the testatrix and to enforce such intention, provided it is lawful, and it is the duty of the court to so construe the will, if possible, as to make the instrument valid. The intention of the testatrix is to be ascertained from the whole will, and from a consideration of all the provisions of the instrument taken together, and, if the language of the will is clear, definite, and unambiguous, the court must give to the language its clear import. If, however, the language of the will is reasonably susceptible of two different constructions, one of which will defeat and the other sustain the provisions, that construction should be adopted which will sustain and uphold the will in all its parts, if it can be done consistently with the established rules of law.

In the will now before us we think the intention of the testatrix clearly appears from the language of the will. Recognizing her duty to her children, she first made pro-

vision for all of them, not as individuals, but as a class as tenants in common, each one of her children to take an equal share in all her property for and during their natural lives. The next sentence of the will deals only with the vesting of the fee of all her property, and it first provides that at the death of any one of her children the share of such child should go to his or her child or children then living or born within ten calendar months. From this it is clear that it was the purpose of the testatrix to give an equal life estate to each of her children, with remainder in fee to the children of each life tenant. After providing for the vesting of the fee of the share of each life tenant, in the event such life tenant shall leave surviving children, she next provides that in the event any one of the life tenants shall die without issue his or her share of the estate shall go to the surviving life tenants, share and share alike. This last clause seems to be the only provision of the will about which there is any controversy, and it appears to us to be the only one which presents the slightest difficulty. This clause is a part of the sentence in the will which undertakes to provide for the vesting of the fee of the entire property of the testatrix. It is perfectly manifest from the first part of this sentence that it was the intention of the testatrix that the child or children of each life tenant should take the remainder in fee after the life estate of the deceased parent, and we see no reason to conclude from the language of the last clause of this provision that it was the intention of the testatrix that less than a remainder in fee should pass to the life tenants who survived the death of a tenant in common of the life estate devised. On the contrary, we think it was her intention that a remainder in fee in the share of any one of her children who should die without issue should vest in the surviving children of the testatrix, share and share alike as tenants in common.

Under this construction the will does not violate the statute, and, since the learned chancellor held in accord-

ance with the views herein expressed, the decree of the court below will be affirmed.

*Affirmed.*