PATTERSON, Justice:
This appeal involves the construction of the holographic will of Addie W. Carlisle who died July 27, 1968. The will which was probated in solemn form in Warren County is as follows:
“Feb. 1958
Earl’s Request. At my death place on Steele’s Bayou go to Alice Carlisle’s children.
His possessions at his home go to Steven Earl Carlisle also one half the value of the home. Addie W. Carlisle.
To whomsoever looks after me I want them fully paid
I also leave my sister Alice a home for as long as she lives.
After all debts are paid what is left to go to Alice Carlisle’s children.
Addie W. Carlisle.”
Steven Earl Carlisle, a devisee, filed a petition in the Chancery Court for a construction of the will.
Issue was joined by the appellee as defendant and cross-complainant in the court below. Though there were incidental features of the case, such as the designation of heirs, the primary contention between the parties was the determination of one-half the value of the home mentioned in the first paragraph of the will. The appellant sought a valuation of the home based upon the dwelling and 58.4 acres of land upon which it is situated. The appellee urged a valuation based upon the home and its curtilage not to exceed two acres.
At the conclusion of the complainant’s testimony the defendant moved to exclude the testimony of the petitioner, contending that the first paragraph of the will was a devise of the deceased husband of the testatrix and was in conflict with the second paragraph of the will. He argued that the first paragraph did not contain testamentary words indicating an intent on the part of the testatrix to devise her property. The court sustained this motion, dismissing the bill of complaint, but permitted the cross-complainant to go forward with his proof on the cross bill. This evidence was primarily directed to whether the home of the decedent was in Sharkey County, where the testatrix and her husband had formerly lived, or in the southern part of Warren county where the testatrix owned land which came to her from her family, as well as the identity of some of the heirs. The complainant was permitted the opportunity of rebutting the witnesses, but since he was foreclosed by the court’s exclusion of the first paragraph of the will, there is no evidence touching upon the value of the home wherever located.
The appellant contends, among other assignments of error, that the court erred in sustaining the appellee’s motion to dismiss at the conclusion of complainant’s case.
The rules of construction of wills are designed to give effect to the intent of the testator. In Kyle v. Wood, 227 Miss. 717, 728-729, 86 So.2d 881, 886 (1956), it is stated:
But all rules of constructions are designed to ascertain and give effect to the intention of the testator, and that intention is to be collected from the whole will, and from a consideration of all provisions of the instrument and every part thereof, taken together, rather than from any particular clause, sentence or form of words. If there are apparently inconsistent or repugnant provisions in the will, every effort must be made to harmonize such conflicting provisions; and where the language used in one part of a will is susceptible of a two-fold construction that construction should be adopted which is most consistent with the intention of the testator as ascertained by other provisions of the will. The language used in a single clause or sentence is not to control *805 as against the evident purpose and intention of the testator as shown by the whole will. 57 Am.Jur. 735, Wills, par. 1137, and cases cited. Gordon v. McDougall, 84 Miss. 715, 37 So. 298, 5 L.R.A., N.S., 355; Harvey v. Johnson, 111 Miss. 566, 71 So. 824.
See also New Orleans Baptist Theological Seminary v. Lacy, 219 So.2d 665, 672 (Miss., 1969), wherein we opined:
* * * that in the interpretation of wills so as to give effect to the intention of the testator we are required to take into consideration every part and all of the will taken together. * * *
 The record reflects that Earl and Addie Carlisle, the testatrix, were husband and wife and lived together for approximately forty years. They had no children. Earl predeceased the testatrix by approximately eight years. With this in mind, though it is not necessary for a construction of the will, it is apparent that Earl’s request was nothing more than an explanation by the testatrix as to her reason for devising the property and is not the testamentary intent of Earl, the husband. The testatrix owned the property and had every right to devise it in any manner that she desired so long as the devise was not contrary to public policy. In fact, the expression of testamentary intent, “at my death,” is more strongly found in the first paragraph of the will than in the second and without which it is dubious that a finding of testamentary intent could be made, particularly from the second paragraph standing alone. We note also that the second paragraph by the words “I also leave,” refers to a foregoing devise, thus linking the second paragraph to the first in express terms as well as that of sequence, and thus emphasizes the familiar rule of construction expressed in Kyle, supra, that consideration be given to all the provisions of an instrument and every part thereof taken together rather than from any particular clause, sentence or form of words. We think this to be particularly true with regard to a holographic will since the words and terms are those of the testator who is also the scrivener and is not quite as subject to mistake through misunderstanding, etc. as would be the case were the instrument drawn by one not the testator. We are of the opinion the learned chancellor erred in sustaining the defendant’s motion to exclude, and in deleting the first paragraph from the will.
We do not consider the other issues since they were not fully developed during the trial. The cause will be reversed and remanded for a new trial in which consideration will be given to the will in its entirety.
Reversed and remanded.
ETHRIDGE, C. J., and INZER, SMITH, and ROBERTSON, JJ., concur.