312 So.2d 19 (1975)
H.G. SEAL, Jr.
v.
Robert B. SEAL and Martha Joe Seal McCarthy.
No. 48008.
Supreme Court of Mississippi.
April 28, 1975.
Rehearing Denied May 19, 1975.
*20 Fant, Crutcher, Moore & Spencer, Holly Springs, Fox & Sanderson, Houston, for appellant.
Mitchell, Rogers & Eskridge, Tupelo, for appellees.
Before PATTERSON, SMITH and BROOM, JJ.
PATTERSON, Justice, for the Court:
This suit involves the interpretation of the last will of Willie Mayne Seal which was admitted to probate by the Chancery Court of Lee County. The will is in the handwriting of the testatrix who was competent to execute the instrument.
H.G. Seal, Jr., the appellant, and Robert B. Seal and Martha Joe Seal McCarthy, the appellees, are the surviving brothers and sister and heirs of Willie Mayne Seal who was never married.
The inventory of H.G. Seal, Jr., the executor, reveals that the will disposed of, in addition to real property, the following:

 1. Cash on hand and in bank $ 9,904.84
 2. Common stock and similar
 securities 180,399.12
 3. Promissory notes 12,057.12
 4. Furniture, furnishings and
 other tangible property 10,491.37
 5. Miscellaneous personal property,
 including coin collection 585.70

The disposition of the tangible property, 4 and 5 above, is the basis of this suit. The resolution of this issue requires Items IV and V of the will to be reviewed in detail.
The material portions of the will, with paraphrasing for continuity, follow:
I. (A devise of $1000 to each of eighteen designated persons.)
II. (The forgiveness of a note for $450.)
III. (A devise of a nine-diamond gold ring.)
"IV. I hereby will, devise and bequeath all the real estate, cash, notes, Trust Deeds, stocks, or anything that I own at my death not disposed of in this will that I die seized and possessed of to be equally divided among the following, share and share alike: (Emphasis added.)
Robert B. Seal.
H.G. Seal, Jr.
Martha Joe Seal McCarthy.
... [Statement of a contingency not presently applicable.]
"V. I hereby will, devise and bequeath all the remaining personal property not otherwise disposed of herein to my Executor, and he shall have the right to dispose of same as he sees fit." (Emphasis added.)
VI. (H.G. Seal, Jr. designated as executor.)
"VII. Should any of my heirs or any of the parties named herein as legatees or devisees contest this will or file petition to construe the same, then his or her interest in my estate shall be at an end, and held for naught and the same shall be divided equally among my heirs as designated and named in Item IV herein."
"Witness my signature, this July 16, 1971.
/s/ Willie Mayne Seal"
The chancellor was of the opinion there was a conflict between Items IV and V of the will and adopted the rules of construction applicable to ambiguous instruments to conclude that the three devisees of Item IV should share equally the personal property of the testatrix. He held that the devise *21 to the executor in Item V appeared to have been written as an afterthought of the testatrix, neither adding to nor taking away from the intention expressed in Item IV. Our study of the instrument persuades us to a different conclusion.
Prerequisite to the use of rules of construction for adjudicating the intention or meaning of ambiguous instruments is an initial determination that there exists an ambiguity. The employment of the rules of construction is never permitted to defeat the plain, expressed intention of the testator. In Bullard v. Bullard, 132 Miss. 544, 97 So. 1 (1923), the rule is stated thusly:
... [I]t is the duty of the court to ascertain the controlling intention of the testatrix and to enforce such intention, provided it is lawful, and it is the duty of the court to so construe the will, if possible, as to make the instrument valid. The intention of the testatrix is to be ascertained from the whole will and from a consideration of all the provisions of the instrument taken together, and, if the languge of the will is clear, definite, and unambiguous, the court must give to the language its clear import. If, however, the language of the will is reasonably susceptible of two different constructions, one of which will defeat and the other sustain the provisions, that construction should be adopted which will sustain and uphold the will in all its parts, if it can be done consistently with the established rules of law. 132 Miss. at 549, 97 So. at 2.
See also In the Matter of the Estate of Dennis P. Granberry, Deceased: Betty G. Burgess et al. v. William S. Granberry et al., Miss., 310 So.2d 708 decided March 31, 1975, and Carlisle v. Carlisle, 233 So.2d 803 (Miss. 1970).
From these and other authorities we discern that rules of construction have application to project the intention of a testator by extrapolation, but only when the true intention is incapable of being ascertained from the express language in the instrument by reason of omitted or conflicting words or phrases, or when an incomplete expression or unforeseen circumstance occurs subsequent to its execution, leaving its true meaning incapable of resolution. See Atkinson, The Law of Wills, Section 146 (2d Ed. 1953).
Did the chancellor err in concluding that Item V of the will was an afterthought of the testatrix not subject to consideration in arriving at her true intention even though it is within the four corners of the instrument? Coincidental to the above, the question arises as to whether Item IV included all of the property of the testatrix so that Item V would be inoperative because of prior disposition of the tangible personal property.
Item IV in pertinent part provides:
I ... bequeath all the real estate, cash, notes, trust deeds, stocks, or anything I own ... not disposed of in this will ... to be equally divided among ... Robert B. Seal, H.G. Seal, Jr. and Martha Joe Seal McCarthy. (Emphasis added.)
We think it evident that the real estate, cash, notes, trust deeds, stocks were intended to be equally divided among the named devisees. We believe it also clear that the remaining term, "or anything that I own ... not disposed of in this will," was a devise to the same beneficiaries in equal portions, but subject to the condition that there remained property (anything) not disposed of by the will. This requires a review of the entire language of the will to ascertain whether there was property of the testatrix not disposed of.
In numerical sequence there next follows Item V which states in important part:
I ... bequeath all the remaining personal property not otherwise disposed of herein to my executor ... (Emphasis added.)
*22 We are of the opinion the above item is harmonious with Item IV in that it makes disposition of the tangible personal property other than cash, notes, trust deeds, stocks specifically enumerated in Item IV, as well as the other provisions of the will. It also acknowledges the term, "not disposed of in this will," of Item IV by thereafter disposing of the very property not theretofore disposed of. By this interpretation all parts of the will are given consideration in accord with the use of the language of the testatrix in arriving at her true intention. Kyle v. Wood, 227 Miss. 717, 86 So.2d 881 (1956). By directing attention to Item V in conjunction with Item IV it also becomes apparent, we think, that there was a residue of tangible personal property not disposed of by Item IV. The exclusion of residue personal property can be reached only by isolating the terms of Item IV from the remainder of the will which, under our rules, we are not permitted to do. The true intention of the testatrix from all of her written words is the guide by which we must be influenced by our decisions.
In arriving at this conclusion we are impressed with the obvious meticulous care that the testatrix used in drawing this holographic will. Its neatness, its chronological order, the disposition of a considerable estate simply refute the total exclusion of one out of a total of seven paragraphs and which was carefully numbered in logical sequence. The testatrix intended it to have purpose which was expressed in clear language, as we view it, which had the effect of devising to the executor, H.G. Seal, Jr., the tangible personal property of the testatrix not otherwise disposed of by the will. This includes the tangible personal property listed in the inventory as Numbers 4 and 5 in Paragraph 3 of this opinion.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.