IRVING, J„
for the Court.
¶ 1. Paul Roland died February 28, 2004, exactly one week after his wife Frances. He left a will that was probated in the Alcorn County Chancery Court. Paul’s children and stepchildren disputed the interpretation of the residuary clause. Chancellor Jacqueline Estes Mask entered summary judgment in favor of Paul’s children. She held the partial residuary gift to Frances lapsed and went to Paul’s children as his heirs-at-law. Paul’s stepchildren appeal, arguing his intent was to divide his estate equally among his children and stepchildren. We find no error in the chancellor’s grant of summary judgment, as we agree with the chancellor that there is no genuine issue of material fact.
FACTS
¶ 2. Paul and Frances Roland were married in February of 1975. Both Paul and Frances had children from prior marriages. Paul’s children are Paula Castillo-Ruiz, Martha Lyles, and Rhonda Steward. Frances’s children are Mary Marlar and Jamie Ray Williams. Frances’s son Jimmy Dale Williams predeceased her and is survived by his only child Amy Jo.
¶ 3. On' September 10, 1985, Paul and Frances made separate wills which were very similar in several aspects.[1] For example, the third paragraph in both wills gave household furniture, furnishings and fixtures to the surviving spouse. In the event that the spouse predeceased the testator, those items were to be sold at auction and the proceeds split fifty percent to Paul’s children and fifty percent to Frances’ children.
¶ 4. The fourth paragraph in both wills gave a life estate in the testator’s undivided one-half interest in the marital home to the surviving spouse. The remainder was to go to their respective children.
¶ 5. The fifth paragraph in both wills contains the residuary clause. Paul’s will states:
All the rest and remainder of my property not heretofore disposed of shall be divided as follows:
1. To my wife Frances Williams Roland, an undivided one-half interest.
2. To my children, Paula Marie Roland Smith, Rhonda Lynn Roland Stewart[sic] and Martha Ann Roland Bradley, an undivided one-half interest, per stirpes and not per capita.
Similarly, Frances’ will states:
All the rest and remainder of my property not heretofore disposed of shall be divided as follows:
1. To my husband Paul J. Roland, an undivided one-half interest.
2. To my children, Jimmy Dale Williams, Mary Jane Williams Castile and Jamie Ray Williams, an undivided one-half interest, per stirpes and not per capita.
¶ 6. Frances died on February 21, 2004. Seven days later, Paul died. Both wills have been probated. The probate of Frances’ will is still pending. Paul’s will was probated in common form on March 11, 2004.
¶ 7. On April 15, Paul’s children filed a complaint to determine Paul’s hems and beneficiaries. Frances’s children were *541 made defendants. In the prayer of the complaint, Paul’s children asked that the court enter an order finding that any devise or bequest made to Frances, in the fifth paragraph of Paul’s will, lapsed and that the devise or bequest passed to Paul’s children as his sole heirs at law.
¶ 8. Both sides urged the chancellor to issue summary judgment in their favor. Frances’s children argued that Paul’s intent was for the estate to be divided equally among all six children. The chancellor entered summary judgment in favor of Paul’s children.
STANDARD OF REVIEW
¶ 9. Rule 56(c) of the Mississippi Rules of Civil Procedure provides that a summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We review the decision to grant a summary judgment on a de novo standard of review. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002) (citations omitted). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. Id.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. Frances’ children argue that Paul and Frances intended for all six children to divide their estate equally, no matter which parent died first. Paul’s children argue that the plain language of the residuary clause speaks for itself. ' They also claim that Paul’s will did specifically provide for the contingency that Frances would predecease him as to other property. This, they argue, is evidence that Paul specifically intended not to provide for Frances’s children in the residuary clause.
¶ 11. In arriving at her decision, to grant summary judgment, the learned chancellor wrote a well-reasoned opinion, amply supported by the well-settled law of this state. She found that there was no ambiguity within the four corners of Paul’s will and that the effect that Frances’s pri- or death would have on the distribution made in the residuary elause of Paul’s will was clearly evident. We liberally quote from the chancellor’s opinion and adopt her analysis: -
This issue turns on the identification of the proper source, or sources, from which the Court may gather evidence to discern the intent of the testator. As a rule of construction of written documents, parole evidence should not be allowed where the document is clear, definite and unambiguous. Estate of Blunt[Blount] v. Pappas[Papps], 611 So.2d 862, 866 (1993); Stovall v. Stovall, 360 So.2d 679 (Miss.1978). The “expressed intent of the testator is the guiding star rather than ‘what he wished’ or may have wished.” Stovall, 360 So.2d at 681 (citing Ferguson v. Morgan, 220 Miss. 266, 70 So.2d 866 (1954)). The Court’s inquiry is to look first within the “four corners” of the document, and if no ambiguity exists within the writing, then no further search is needed or authorized.
The Court has reviewed the will, and finds that it is clear and unambiguous. *542 The provision in question does not suggest confusion on the part of Paul as to what should happen to his gift to Frances[2] should she predecease him. He specified that Frances should received one-half of his residuary estate, which is clear, and was silent as to the effect of her predeceasing him. The legal effect of his silence on this matter is also clear, as discussed below. And, therefore, with all due respect to the attorney who prepared the document and who submitted his affidavit herein, and who always does an excellent job when appearing before this Court and is extremely competent, parole evidence is inadmissible to alter the terms of the document for the purpose of speaking to the matter on what should happen to Frances’ share of the residual estate should she pass on before him. The writing is clear and speaks for itself, and reference to other facts surrounding the execution of the will is unnecessary.
* * *
It is also well-established as a principle of law in this state that where the beneficiary of a residuary bequest predeceases the testator, and the beneficiary is not a child or descendant of the testator, the interest which would have passed to the beneficiary passes instead to the surviving heirs at law of the testator. Miss Code Ann. § 91-5-7; In re Estate of Mason, 616 So.2d 322, 329-30 (Miss.1993); Moffett v. Howard, 392 So.2d 509, 512 (Miss.1981); In re Will of Palmer, 359 So.2d 752, 754 (Miss.1978); Clark v. Case, 207 Miss. 163, 42 So.2d 109 (1949); Kullman v. Dreyfus’ Estate, 201 Miss. 887, 30 [So.]2d 81 (1947); Byrd v. Wallis, 182 Miss. 499, 181 So. 727 (1938); Marx v. Hale, 131 Miss. 290, 95 So. 441 (1923). See, generally, Annotation, Devolution of Lapsed Portion of Residuary Estate, 36 A.L.R.2d 1117. Therefore, the decision for the Court is whether this principle applies to this case, and the Court finds that as a matter of law this principle applies.
Frances’s children acknowledge the principle as set out above, but assert that this matter is distinguishable because Paul passed away only one week after Frances, and had little time within which to make changes to his will. However, the Court finds that inadequate proof is before the Court to establish that Paul lacked opportunity within which to make changes to his will, and further, more significantly, no authority has been provided to establish that the Court should consider such a factor in construing the will.[3] Moreover, Paul executed his will in 1985, and in the nearly two decades between the execution of the will and his decease, more than sufficient time was allowed for him to anticipate such a contingency as Frances’ passing away before him, and to make any changes to plan for a different han *543 dling of his estate in that event, if such had been his intention.
¶ 12. We agree with the chancellor. It does not take much forethought to realize that if Frances predeceased Paul, there would be nothing for her heirs to take under this provision in Paul’s will, because Frances’s heirs could claim only through her, and Frances would receive an undivided one-half interest in Paul’s residuary estate only if she survived Paul.
¶ 13. The dissent notes that we do not discuss the controversy regarding Butch Baker. We do not discuss it because, unlike the dissent, we do not find that controversy relevant to the resolution of the issue of whether there is a genuine issue of material fact regarding Paul’s intention with respect to Frances’s children sharing in the residue of his estate. Apparently, the dissent believes that since all of the children, both Paul’s and Frances’s, signed an agreement to give Butch Paul’s Cadillac and $30,000, that somehow proves that Paul intended that all of the children share equally in his estate. The fallacy of this argument is readily apparent. It was the children and not Paul who made that agreement. Nothing in Paul’s will suggests that he intended to give Butch anything, much less his Cadillac and $30,000. Perhaps the reason Frances’s children signed the agreement is that the $30,000 was to come from the sale of real property located at 1152 CR 400, Corinth, Alcorn County. The record does not inform us of the description of Frances and Paul’s marital domicile. Perhaps the property located at 1152 CR 400, Corinth, Alcorn County was their marital domicile in which both Frances and Paul owned an undivided one-half interest. Nevertheless, what the children decided to do about a person not mentioned in Paul’s will cannot create any ambiguity regarding Paul’s intentions toward Frances’s children.
¶ 14. We find no merit in the issues presented. Therefore, we affirm the decision of the chancellor.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J.

. The construction of Frances's will was not before the chancellor. The two estates are being administered separately. However, Frances’s will was attached to the Appellants's response to the Appellees’s motion for summary judgment in support of Appellants's argument that Paul intended, in tire event Frances predeceased him, that his residuary estate be shared equally between his and Frances's children.

. The spelling of Frances's name in the record is Francis. The spelling in this opinion is that used in the Last Will and Testament of Frances Roland.

. No allegations have been made that Paul expressed any desire to make amendments to his testamentary disposition following Frances's death. Further, as noted earlier, it is undisputed that Paul executed no testamentary documents following his execution of the will in question. The fact that a testator may not have changed his will in circumstances where we presume he would otherwise have done so does not authorize this Court to rewrite his will to fit what we suppose he would have wanted. See, e.g., Hinders v. Hinders, 828 So.2d 1235 (Miss.2002) (property settlement agreement in divorce action did not revoke husband’s will which was executed during the marriage and left everything to his then-wife, and therefore ex-wife remained sole beneficiary under that will).