ROBERTS, J.,
for the Court:
¶ 1. Carl Black executed two wills, one in 2007 and another in 2009. The 2009 will expressly revoked all prior wills. Carl passed away, and one of the devisees of the 2009 will, his stepson, Jerry Clark, petitioned the Winston County Chancery Court to probate the 2009 will. Carl’s sister-in-law, Ida M. Black, counterclaimed, arguing she was wrongfully excluded from the 2009 will. Ida asserted the 2007 will should be given effect over the 2009 will. Jerry filed a motion to dismiss Ida’s counterclaim, and after a hearing, the chancery court granted Jerry’s motion to dismiss. Ida appeals, raising four issues that can be summarized as: whether the chancellor erred in finding the 2009 will unambiguous, thereby precluding consideration of parol evidence as to Carl’s intended disposition of his property. Finding no error, we affirm.
FACTS
¶ 2. In 2007, Carl executed a will leaving his entire estate to his brother, Ivy Black. The will contained a savings clause that provided, if Ivy predeceased him, his entire estate would be left to Ivy’s wife, Ida. Ivy was named executor, with Ida as an alternate executor. Subsequently, in 2009, Carl executed a new will. This will was prepared by the same attorney who prepared the 2007 will. The 2009 will revoked all prior wills, and further changed the devisees. Under this new will, Ivy’s share was reduced, and Ivy, Jerry, and Jerry’s son, Shane Clark, were all left specific devises. Additionally, the will contained a remainder clause leaving the rest of the estate to Ivy, Jerry, and Shane to “share and share alike.” As in the 2007 will, Ivy was named as the executor. However, unlike the 2007 will, the 2009 will made no mention of Ida. Ida was not left a specific devise; nor was she named in the savings clause to take Ivy’s share in the event Ivy predeceased Carl; nor was she named as an alternate executor.
¶ 3. Ivy died on April 19, 2011, and Carl died four days later, on April 23, 2011. Jerry petitioned to probate the will. Ida counterclaimed and asserted the 2007 will, rather than the 2009 will, expressed Carl’s true intent as to the disposition of his estate. Basically, Ida asserted Carl could not have intended the share left to Ivy to pass to Ivy’s intestate heirs. After an evidentiary hearing, the chancery court dismissed Ida’s counterclaim.[1] Ida filed a motion for reconsideration, and after another hearing, the chancery court denied the motion for reconsideration, leading to this appeal.
ANALYSIS
¶ 4. A chancellor’s factual findings •will not be disturbed if supported by substantial evidence, but if an erroneous legal standard is applied, appellate review is de *183 novo. In re Estate of Langston, 57 So.3d 618, 619-20 (¶ 6) (Miss.2011).
¶ 5. If the language of a will only allows one interpretation as to how the testator’s property is distributed, the will is unambiguous, and courts may not consider parol evidence to determine the intent of the testator. Stovall v. Stovall, 860 So.2d 679, 681 (Miss.1978) (citing Seal v. Seal, 312 So.2d 19, 21 (Miss.1975)). Parol evidence may only be considered if the language of the will itself can be construed to result in more than one interpretation as to the disposition of property. Seal, 312 So.2d at 21. Applying the language of the 2009 will results in one, and only one, disposition of Carl’s estate, so the will is unambiguous. Therefore, applying de novo review as to the law, the chancellor did not err. Consequently, the only question before this Court is whether the chancellor committed manifest error, and whether there is substantial evidence to support the chancellor’s interpretation of the will itself.
¶ 6. The chancellor was concerned that it appeared Carl did not want any of his property to pass intestate, which was why he consulted an attorney to draft a will in the first place, and the 2007 will had a residuary clause that provided Ida would take Ivy’s place in the event Ivy predeceased Carl. Further, the chancellor found it inexplicable that Carl’s 2009 will did not contain such a residuary clause. The effect of not having a residuary clause in the 2009 will was that the share left to Ivy passed to Ivy’s intestate heirs. However, the chancellor also found that the will was not ambiguous, because there was only one possible interpretation of the will, and that interpretation resulted in Ivy’s share passing intestate. Therefore, the chancellor did not consider parol evidence as to what Carl intended. Ida argued in the chancery court, and argues to this Court, that this result ignores Carl’s intent for his property not to pass to intestate heirs. As the chancellor found, it is impossible to know exactly what Carl intended to happen to Ivy’s share in the event Ivy predeceased him. However, the chancellor correctly determined Carl’s intent was not properly an issue, because the legal operation of the words of the will itself allowed only one result as to how the estate is divided.
¶ 7. Ida contends her omission from the 2009 will was the result of Carl’s attorney’s advanced years. However, Ida did not assert any lack of testamentary capacity or undue influence by Carl’s attorney. Rather, her contention is simply that Carl’s attorney inadvertently omitted the savings clause from the 2007 will when drafting the 2009 will. This Court was presented a similar issue in In re Last Will & Testament of Roland, 920 So.2d 539 (Miss.Ct.App.2006). In that case, the attorney who drafted the wills of a married couple averred that the couple’s intent was to divide their total estate equally among their six children from previous marriages. Id. at 541 (¶ 10). However, regardless of the attorney’s intent, the plain language of the wills left the residual estate to the husband’s children only, since the wife predeceased the husband. Id. at 543 (¶ 12). Despite this inequality, we found parol evidence inadmissible because the language of the wills left only one readily ascertainable disposition of the estates of both parents. Id. at 541 — 42 (¶ 11). The same result applies in this case.
¶ 8. Therefore, we find no error of law or factual finding unsupported by substantial evidence. Accordingly, we affirm.
¶ 9. THE JUDGMENT OF THE WINSTON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
*184 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. This hearing was held upon Jerry’s Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss. The parties do not contend, nor brief, whether the chancellor impermissibly converted the hearing to a summary-judgment hearing.