# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00559-COA

IN THE MATTER OF THE ESTATE OF RAMON             APPELLANT
REGAN, DECEASED: JUNE SWILLEY

v.

ESTATE OF ELSIE SIMM LEBLANC                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/2014 |
| TRIAL JUDGE: | HON. CARTER O. BISE |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | TIMOTHY LEE MURR |
| | HERBERT J. STELLY |
| ATTORNEYS FOR APPELLEE: | JAMES H. HEIDELBERG |
| | APRIL LEIGH MCDONALD |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE'S MOTION TO DECLARE DECEDENT'S PURPORTED LAST WILL AND TESTAMENT INVALID |
| DISPOSITION: | AFFIRMED - 04/07/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. June Swilley appeals the Harrison County Chancery Court's judgment declaring the last will and testament of Ramon Regan invalid. On appeal, Swilley raises the following issues: (1) whether the chancellor erred by finding Regan's last will and testament to be invalid; and (2) whether the chancellor erred by refusing to consider parol evidence to determine Regan's intent.

¶2. Upon review, we find that the document entitled Regan's "Last Will and Testament"

lacks ambiguity and simply fails to designate, describe, or otherwise identify any beneficiaries. We therefore find no error in the chancellor's refusal to admit parol evidence and his decision to declare the will invalid. Accordingly, we affirm the chancellor's judgment.

**FACTS**

¶3.     Regan died on April 12, 2011. Prior to his death, Regan resided for about ten years in a personal care home maintained by Swilley and her husband, Elroy. In 2008, Swilley arranged for Susan Beckham, a local notary public, to assist Regan in preparing a will. During the meeting with Regan, Beckham filled out a preprinted form titled "Last Will and Testament" pursuant to Regan's instructions. Regan then signed the document on February 7, 2008, in front of Beckham, Swilley, W.J. Cameron, and Charlotte Saucier. After witnessing Regan execute the document, Cameron and Saucier also signed the last will and testament in Regan's presence as his witnesses. The document stated that Regan never married or had any children. As the record in this case further reflects, Regan's parents preceded him in death.

¶4.     Following Regan's death, Swilley filed a petition to probate Regan's last will and testament. A search for Regan's heirs at law revealed that Regan's aunt, Elsie Simm LeBlanc, survived him. Although Elsie subsequently passed away on January 13, 2013, her son, Kenneth Simm LeBlanc, filed a caveat[1] against the probate of Regan's last will and

---

[1] An opponent of a will may prevent common-form probate by filing a caveat, or an objection, to the probate of the will with the chancery clerk of the county where the will shall be presented. *See* Robert Weems, *Mississippi Practice Series: Wills and Administration of Estates in Mississippi* § 7:12 (3d ed. 2003). *See also* Miss. Code Ann. §

testament as the administrator of Elsie's estate (the Estate). After a hearing on the matter, the chancellor determined that, pursuant to Mississippi's laws of descent and distribution, Elsie constituted Regan's sole heir at law.

¶5. On behalf of the Estate, Kenneth filed a motion to declare Regan's last will and testament invalid because of the document's failure to designate a beneficiary and properly devise Regan's property. The Estate also filed a motion to strike the affidavit of Beckham, which Swilley attached to her response to the motion to declare Regan's last will and testament invalid. The Estate sought to strike Beckham's affidavit on the ground that Beckham's testimony was inadmissible as evidence.

¶6. As reflected in the record, Regan's last will and testament stated that, upon his death, he wanted to distribute all his estate, including his monetary and real property. However, the document failed to designate a beneficiary to whom Regan wished to distribute his property. Swilley asserted that, due to a scrivener's error by Beckham in filling out the blank form, the document failed to name the Swilleys as Regan's beneficiaries. Swilley asserted, however, that the document still met the statutory requirements for a will and clearly reflected Regan's intent to devise or bequeath his property. She therefore argued that the chancellor should consider parol evidence to determine Regan's intent. By contrast, the Estate contended that the failure to name a beneficiary made it impossible to determine Regan's intent by reviewing the document alone. The Estate further argued that the chancellor should not consider parol evidence to ascertain Regan's intent.

91-7-21 (Rev. 2013) (discussing objections to the probate of a will).

3

¶7. After considering the parties' arguments, the chancellor entered an order granting the Estate's motion to declare Regan's purported last will and testament invalid. The chancellor found that he must first look to the four corners of the document to determine Regan's intent and that he could not simply add language to the will. Because the chancellor found that Regan's last will and testament failed to name any beneficiary and was not subject to multiple interpretations, he refused to consider any parol evidence regarding Regan's testamentary intent. Concluding that he was left "with nothing in the document to interpret" and that the document simply failed to devise or bequeath Regan's property to anyone, the chancellor declared the document to be an invalid testamentary instrument. Aggrieved by the chancellor's judgment, Swilley now appeals to this Court.

## STANDARD OF REVIEW

¶8. On appeal, this Court "will not reverse a chancery court's findings, be they of ultimate fact or of evidentiary fact, where there is substantial evidence supporting those findings." *Estate of Langston v. Williams*, 57 So. 3d 618, 619 (¶6) (Miss. 2011) (citation omitted). We only disturb a chancellor's findings of fact where the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. *Madden v. Rhodes*, 626 So. 2d 608, 616 (Miss. 1993). We review questions of law de novo. *In re Jones*, 138 So. 3d 205, 208 (¶7) (Miss. Ct. App. 2014).

## DISCUSSION

I. **Whether the chancellor erred by finding Regan's last will and testament to be invalid.**

II. **Whether the chancellor erred by refusing to consider parol**

4

**evidence to determine Regan's intent.**

¶9.     On appeal, Swilley argues that Regan's last will and testament clearly outlined his testamentary intent but, due to a scrivener's error, the document failed to designate Swilley and her husband, Elroy, as Regan's beneficiaries.  In her brief, Swilley asserts that the chancellor erred by granting the Estate's motion to declare Regan's last will and testament invalid.[2]  She further asserts that the chancellor erred by refusing to consider parol evidence to determine Regan's true testamentary intent.  Because we find that Swilley's assignments of error are intertwined, we address both issues together.  In so doing, we first examine applicable statutory law and then applicable caselaw.

¶10.    Mississippi Code Annotated section 91-5-1 (Rev. 2013) establishes the following requirements for a will to be valid in Mississippi:

> Every person eighteen (18) years of age or older, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, *to devise all the estate, right, title and interest in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, hereditaments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever*, provided such last will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence and by his or her express direction.  Moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two (2) or more credible witnesses in the presence of the testator or testatrix.

(Emphasis added).  Where a testator fails to devise or bequeath all his property, Mississippi

---

[2] Swilley alleges that the chancellor's order declaring Regan's last will and testament invalid amounted to a grant of summary judgment in favor of the Estate.  Swilley contends that the chancellor erred in granting the Estate's motion because there was limited discovery conducted, the parties took no depositions, the record failed to show that the chancellor considered Beckham's affidavit prior to his ruling, and the chancellor failed to hear any testimony from Swilley or her witnesses before entering the order.

5

Code Annotated section 91-1-13 (Rev. 2013) provides that all property, "real and personal, not devised or bequeathed in the last will and testament of any person shall descend and be distributed in the same manner as the estate of an intestate; and the executor or administrator shall administer the same accordingly."[3]

¶11.   "No matter how earnestly one may desire and intend to make a will, a paper, although fully intended by the writer to be a will, is ineffective and invalid unless its execution meets statutory requirements." *Wilson v. Polite*, 218 So. 2d 843, 849 (Miss. 1969).  A will is a statement of a person's desires regarding the distribution of his assets to designated beneficiaries.  A nonholographic will, or an attested will, must be executed in conformity with statutory law and must be attested by two or more credible witnesses in the presence of the testator.[4]  *See* Miss. Code Ann. § 91-5-1.

¶12.   Our precedent provides that "[t]he expressed intent of the testator is the guiding star rather than 'what he wished' or may have wished." *Stovall v. Stovall*, 360 So. 2d 679, 681 (Miss. 1978) (citation omitted). "A trial court begins its review with looking first within the 'four corners' of the document at issue.  If there exists no ambiguity within the writing, then further analysis is proscribed." *DeJean v. DeJean*, 982 So. 2d 443, 448 (¶10) (Miss. Ct. App.

---

[3] *See Williams v. Gooch*, 208 Miss. 223, 235, 44 So. 2d 57, 61 (1950) (holding that the undevised portion of the testator's property was intestate property that descended to her heir at law). *See also* Miss. Code Ann. § 89-1-13 (Rev. 2011) (discussing what happens when an individual dies without an heir, issue, child, offspring, descendant, or other relative).

[4] For example, this Court found that a nonholographic will signed only by the testator and a notary public was invalid as a matter of law.  *See In re Estate of Thomas*, 962 So. 2d 141, 145 (¶18) (Miss. Ct. App. 2007).

2007) (citing *In re Last Will & Testament of Roland*, 920 So. 2d 539, 541 (¶11) (Miss. Ct. App. 2006)).

¶13.   "Parol evidence may only be considered if the language of the will itself can be construed to result in more than one interpretation as to the disposition of property." *In re Estate of Black*, 135 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2013) (citing *Seal v. Seal*, 312 So. 2d 19, 21 (Miss. 1975)).   For example, extrinsic evidence may be admissible to resolve or explain ambiguities in the designation or description of beneficiaries. *See Hutton v. Hutton*, 233 Miss. 458, 469, 102 So. 2d 424, 428 (1958) (allowing extrinsic evidence to determine the true beneficiary of the testator's will since the name used by the testator could have applied to one of two persons).   However, "[t]he parol[-]evidence rule prohibits the introduction of outside evidence where a document is clear, definite[,] and unambiguous on its face." *DeJean*, 982 So. 2d at 448 (¶10) (citing *In re Roland*, 920 So. 2d at 541 (¶11)). "The courts cannot, by parol testimony, make a will which the testator did not make." *Stovall*, 360 So. 2d at 681 (citation omitted).

¶14.   In *In re Roland*, an attorney who drafted the wills for both a husband and wife provided an affidavit stating that the couple intended to evenly divide their estate among their children from previous marriages.  *In re Roland*, 920 So. 2d at 541 (¶17) (Griffis, J., dissenting).   The chancellor found, however, that the plain language of the wills left the residual estate only to the husband's children because the wife predeceased him. *Id.* at 543 (¶12).  Despite the intention of the parties, or of the attorney in drafting the wills, this Court found parol evidence inadmissible since the language of the wills resulted in only one

interpretation as to the disposition of the parties' property. *Id.* at 541-43 (¶¶11-12).[5]

¶15. In the present case, Regan's "Last Will and Testament" stated the following regarding the disposition of his property: "Upon my death, I want my property distributed as follows: All my estate, this includes monetary and real property." As in *In re Roland*, our review of Regan's last will and testament reveals that the document contains no ambiguous language or imprecise description of a beneficiary. Instead, as the record reflects, Regan's purported last will and testament simply failed to devise or bequeath Regan's property because Regan failed to name or otherwise identify a beneficiary.

¶16. Because Regan's last will and testament lacks ambiguity, we find that the chancellor correctly refused to allow parol evidence as to Regan's testamentary intent. As the record reflects, to give effect to Regan's will, this Court would have to insert a beneficiary's name where the will completely failed to provide one. Although our precedent establishes that we construe a will in light of the circumstances surrounding the testator at the time he wrote the will, our caselaw also recognizes that "[c]ourts may not amend or reform a [w]ill, neither may courts add to or take from a [w]ill or make a new [w]ill for the parties." *Hemphill v. Robinson*, 355 So. 2d 302, 306-07 (Miss. 1978) (citations omitted).

¶17. As reflected in the record, the invalidity of Regan's purported last will and testament is rooted in the document's failure to distribute any of Regan's assets upon his death. Since Regan's last will and testament failed to devise or bequeath his property to a named

---

[5] *See also In re Estate of Black*, 135 So. 3d 181, 183 (¶6) (Miss. Ct. App. 2013) (finding that the testator's "intent was not properly an issue, because the legal operation of the words of the will itself allowed only one result as to how the estate [was] divided").

beneficiary, and since the document reflects no attempt within its four corners to identify a beneficiary, we affirm the chancellor's decision declaring the will invalid and his refusal to admit parol evidence. Accordingly, this assignment of error lacks merit.

¶18.    **THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**